### CHARLES H. LAWRENCE

*v.*

### WILLIAM H. TRANER, Collector.

*Filed at Springfield March 30, 1891.*

1. INJUNCTION—*to restrain collection of taxes—generally—remedy at law, etc.* As a general rule, a court of equity will not interfere to restrain the collection of taxes imposed by the officers having in charge the execution of the revenue laws, but parties aggrieved will be remitted to the tribunals of the law authorized to enforce and collect the same, where, generally, an adequate remedy is to be found.

2. The collection of a tax will not be enjoined unless the objection is such as to affect the substantial justice of the tax itself. In the absence of fraud in the assessment or levy of a tax there must be a defect in law to levy the same, either because there is no authority for its levy, or because the property is exempt, or there is no power in the body seeking to impose the tax to levy it, or there has been a levy in excess of that authorized, or the persons or body levying the same must have no jurisdiction over the subject matter to be taxed, in order to call for the interference of a court of equity; but when the tax is void for any of the above causes it will be enjoined.

3. SAME—*school tax—excessive levy—whether ground for injunction.* Where the levy of a school tax is within the power conferred upon the directors, a court of equity will not interpose, by injunction, to prevent the collection of the tax because more has been levied than the court may find was necessary for the authorized purpose, in the absence of any charge of fraud or misconduct on the part of the directors. Within the limit prescribed by the statute, the directors are clothed with a large discretion in determining the amount necessary to be raised for maintaining schools, and to pay the ordinary and contingent expenses thereof.

4. SAME—*intent to divert taxes—for an illegal purpose—whether ground for equitable relief.* Where taxes are levied for a proper purpose by a body authorized by law to levy them, and the levy does not exceed the amount or rate allowed by law, the fact that it may be proposed to divert the taxes to another purpose, even though such purpose be illegal, will not authorize a court of equity to restrain their collection. After the collection of the tax its misappropriation may be enjoined.

5. SAME—*damages on dissolution—solicitors' fees.* Where an injunction is dissolved on motion, only reasonable solicitor's fees paid or

agreed to be paid by the defendant for his services rendered on the motion, can be recovered. But when the bill is for injunction, only, solicitors may render service in the case in the preparation of answer, or examination into facts not appearing on the face of the bill.

6. To justify the allowance of solicitors' fees on the suggestion of damages on the dissolution of an injunction, where the bill is for injunction, only, the proof should show what would have been a customary and usual charge by reputable attorneys in practice in that court, for like service as that rendered by the defendant's solicitors on the motion to dissolve the injunction, including an examination of the bill, the preparation of a demurrer, etc.; and it should further be shown that the defendant had paid or agreed to pay the sum so proved.

7. SCHOOL DIRECTORS — *special meetings of the board—formalities required—the statute construed.* The statute (sec. 18, article 5, of the School act of 1889,) which provides that the board of directors shall hold regular meetings at such times as they shall designate, and special meetings on the call of the president or any two members of the board, does not prevent the holding of special meetings not called in the manner therein stated. The directors may, without such a call, meet and hold special meetings for the transaction of business.

8. Section 19, of article 5, of the School act of 1889, which provides that no official business shall be transacted by the board of school directors except at a regular or special meeting, was intended to correct the evil practice of making contracts by the directors without their joint or concurrent action, as, where acting separately. It does not have reference to the particular manner in which special meetings may be called, but is a prohibition upon doing business by the individual members of the board, unless in meeting assembled.

9. SCHOOL TAXES—*duty and powers of the directors.* School directors are required by law to keep and maintain free schools within their district, and for that purpose are authorized to levy a tax, annually, upon all property within the district, not exceeding two per cent of the assessed value of such property, and for the purpose of building school houses, etc., a further sum not exceeding three per cent of such assessed value.

10. SAME—*levy of school taxes—of the mode.* The certificate of school directors, filed with the township treasurer, constitutes the levy of school taxes. The treasurer is required to transmit this, with maps, etc., to the county clerk, and upon it the latter is required to extend the amount so certified upon the property within the district, upon the tax books. In the absence of averments to the contrary, on a bill to enjoin the collection of the taxes levied, it will be presumed that the certificate filed by the directors is according to the requirements of the law.

11. SAME—*the entire board present—presumption.* Where a certificate of the levy of a school tax is signed by two of the board of directors, it will be presumed, in the absence of a contrary allegation in a bill to enjoin the tax, that the other member of the board was present and concurring in the action of the others, if necessary to uphold the action of the board.

12. SAME—*keeping record of levy—effect of omission—statute directory, only.* The failure of the clerk of a board of school directors to keep a record of the action of the board in determining the amount of school tax necessary to be raised, and certifying to such tax levy, will not have the effect of rendering the tax so levied void, as the clerk, in extending such tax, is authorized to act upon the certificate of the directors, alone.

13. Ordinarily, *quasi* municipal corporations speak only by their records; but it is competent for the legislature to prescribe what is necessary to be done by municipal officers to constitute valid municipal acts, and what shall be evidence of the same. The legislature having prescribed what shall constitute a valid levy of a school tax, and what shall be done to perfect the same and realize the money levied, it must be held that the requirement that the clerk shall keep a record of the official acts of the board of directors in respect to the levy of such tax, is directory, only.

14. PLEADING—*what demurrer admits—construction.* A demurrer to a bill in chancery admits nothing except the facts well pleaded therein, and all intendments are to be taken most strongly against the pleader.

WRIT OF ERROR to the Circuit Court of Logan county; the Hon. GEORGE W. HERDMAN, Judge, presiding.

Messrs. GROSS & BROADWELL, for the plaintiff in error:

A tax assessed or levied without legal authority may be enjoined. *Alwood* v. *Cowen,* 111 Ill. 481; *Kimball* v. *Trust Co.* 89 id. 611; *Searing* v. *Heavysides,* 106 id. 85; *Town of Lebanon* v. *Railroad Co.* 77 id. 539; *Cleghorn* v. *Postlewaite,* 43 id. 428; *Darling* v. *Gunn,* 50 id. 424; *Irwin* v. *Railroad Co.* 94 id. 105.

As to equitable jurisdiction, though a remedy at law, see *Lemont* v. *Stone Co.* 98 Ill. 94; *Cumberland County* v. *Webster,* 53 id. 141; *Keigwin* v. *Drainage Comrs.* 115 id. 353.

The individual member of the board of directors, apart from his fellow members in their organized capacity, has no power

to act for or bind the corporate body. *Davis* v. *Directors,* 92 Ill. 293.

The board can transact no official business except at a regular or special meeting of the members. *Directors* v. *Jennings,* 10 Bradw. 643.

Every essential proceeding in the course of a levy of taxes must appear, in some written and permanent form, in the record of the body authorized to act in respect thereto. *Moses* v. *White,* 29 Mich. 59; *Appeal of Powers,* id. 504; *Doe* v. *McQuilkin,* 8 Blackf. 335.

School directors can only speak by their record when legally assembled. *Trustees* v. *Osborne,* 9 Ind. 458; 8 id. 504.

Being a corporation, and required to act together, and only at meetings, and to keep a record of their official acts like commissioners of highways, their acts can only be judged and proved by their record. *People* v. *Madison County,* 125 Ill. 334; *Jordan* v. *Directors,* 38 Minn. 164; *Chaplin* v. *Comrs. of Highways,* 129 Ill. 651.

The dissolution of an injunction, incident to the sustaining of a demurrer to a bill, furnishes no sufficient ground for assessing damages for the services of the defendant's solicitor. *Doyle* v. *Brown,* 30 Ill. App. 88; *McQuown* v. *Law,* 18 id. 34.

The services rendered, on account of which damages may be assessed, must have special reference to the dissolution of the injunction, and can not extend to services rendered by way of defense to the case made by the bill. *Albright* v. *Smith,* 68 Ill. 181; *Hamilton* v. *Stewart,* 59 id. 330; *Jevne* v. *Osgood,* 57 id. 340; *Elder* v. *Sabin,* 66 id. 126.

The evidence here shows that the services for which damages were assessed were rendered in respect to the demurrer,— that is, upon the merits of the case made by the bill, and had no reference whatever to the dissolution of the injunction. But had this been a case wherein damages on dissolution of an injunction could properly have been assessed for services

of solicitors, the evidence in the record is insufficient to support the decree.

It is not shown that the attorneys were employed by the defendant, or that he had paid, or obligated himself to pay, them $50, or any other sum. This must appear. Nor is the inquiry, what is the reasonable value of the services rendered by the solicitors? but, what is the usual and customary charge for such services, at the place rendered. *Jevne* v. *Osgood*, 57 Ill. 347; *Fisher* v. *Tribby*, 5 Ill. App. 335; *Rees* v. *Peltzer*, 1 id. 315.

Here but two witnesses testified—one as to the "reasonable value," and the other simply to the "value." Clearly, this is not enough.

Messrs. E. LYNCH, Mr. J. E. MILLER, and Mr. S. L. WALLACE, State's Attorney, for the defendant in error:

A court of equity will not restrain the collection of a tax, except when it is unauthorized by law, or when it is assessed on property not subject to taxation; and even in such cases it will not take jurisdiction except under special circumstances. *Railroad Co.* v. *Cole*, 75 Ill. 591; *Moore* v. *Wayman*, 107 id. 192; *Lemont* v. *Stone Co.* 98 id. 94; *Railroad Co.* v. *Frary*, 22 id. 34; *Swinney* v. *Beard*, 71 id. 27; *Ottawa* v. *Walker*, 21 id. 605.

When a tax is levied by officers or persons authorized by law to levy the same, the collection of the tax will not be questioned on the ground of irregularities or informalities in its levy or collection; but if the levy shows, on its face, that it was made for an unauthorized purpose or for fraudulent purposes, it has been held that a court of equity may restrain its collection by injunction. *Swinney* v. *Beard*, 71 Ill. 27; *Nunda* v. *Chrystal Lake*, 79 id. 311.

If property assessed is subject to taxation, and is assessed no more than its ratable share, it matters not whether the assessment was made in the mode pointed out by statute or

not. *Hotel Co.* v. *Lieb*, 83 Ill. 604; *Moore* v. *Wayman*, 107 id. 192; *Railroad Co.* v. *Frary*, 22 id. 34.

If a tax is levied for a proper purpose by persons empowered to impose it, and it does not exceed the amount or rate allowed by law, its collection will never be restrained because there may be a threat to use it for an unauthorized or illegal purpose; nor will a court of equity restrain the extension or collection of a tax unless it is wholly unauthorized and void in all its parts. The court will not stay a tax which is legal because some portion is illegal. *Lemont* v. *Stone Co.* 98 Ill. 94; *Glass Co.* v. *McCaleb*, 81 id. 556.

Equity will not enjoin the collection of a tax levied to pay interest on bonds, unless the bonds are clearly void. *Edwards* v. *People*, 88 Ill. 340.

When it is claimed that the amount of a school tax as extended by the county clerk is in excess of the amount levied, the party complaining must show that some part of the excess is charged against his property. *Thatcher* v. *People*, 79 Ill. 598.

When a tax as assessed is only a personal charge against the party taxed, or against his personal property, it is difficult, in most cases, to suggest any ground of equitable jurisdiction. Presumptively the remedy at law is adequate. If the tax is illegal, and the party makes payment, he is entitled to recover back the amount. Illegality, alone, affords no ground for equitable interference, and the proceedings to enforce the tax by distress and sale can give none, as these only constitute an ordinary trespass. Cooley on Taxation, 772.

A tax will not be restrained on the ground, merely, that it is irregular or erroneous. Errors in the assessment do not render the tax void, nor are they necessarily injurious. As a rule, therefore, they do not constitute any reason whatever against the tax being enforced. Cooley on Taxation, 775.

Mr. JUSTICE SHOPE delivered the opinion of the Court:

This was a bill in chancery, by plaintiff in error, in the Logan circuit court, to restrain the collection of school taxes levied upon his property in school district No. 2, township 18, range 3, west of the third principal meridian, in said county. An injunction was issued, and subsequently a demurrer was interposed to the bill, and sustained, and an order entered dissolving the injunction and dismissing the bill. Upon suggestion, $50 solicitor's fees was allowed as damages upon the dissolution of the injunction. This writ of error is prosecuted by the complainant, and errors are assigned questioning the decree, both in respect of sustaining the demurrer and awarding damages.

It may be stated as a general rule, that courts of equity will not interfere to restrain the collection of taxes imposed by the officers having in charge the execution of the revenue laws, but parties aggrieved will be remitted to the tribunals of the law authorized to enforce and collect the same, where generally an adequate remedy is to be found. This general rule has admitted exceptions in cases where taxes are sought to be imposed without authority of law. In the absence of fraud on the part of the public authority in assessing the property or levying the tax, there must be a defect, under the law, to levy the particular tax, either because there is no authority for its levy, or because the property is exempt; or where there is no power in bodies seeking to impose the tax, to levy it; or where there has been a levy in excess of the amount authorized by law; or where the persons or body levying the same had no jurisdiction over the subject matter sought to be taxed. *Allwood* v. *Cowen,* 111 Ill. 481; *Lemont* v. *Singer & Talcott Stone Co.* 98 id. 94; *Searing* v. *Heavysides,* 106 id. 85; *Vieley* v. *Thompson,* 44 id. 9; *Kimball* v. *Merchants' Loan and Trust Co.* 89 id. 611; *Ottawa Glass Co.* v. *McCaleb,* 81 id. 556; Cooley on Taxation, 772-775.

Courts of equity refuse to interfere to prevent the collection of a tax, unless the objection is such as to affect the substantial justice of the tax itself. Therefore, where the tax is void for any of the causes specified, it will be enjoined.

The bill alleges the organization of school district No. 2, township 18, north, range 3, west of the third principal meridian, in Logan county, and that Louis Hahn, John Harper and John Hutchinson were duly elected directors thereof, and qualified, etc., by electing Hahn president and Harper clerk of the board of directors, and who, at the time of the levy complained of, were and still are acting directors of said school district. It is further alleged that the complainant was the owner in possession of certain real and personal property within the district, and that by the levy, etc., there was extended against said property a tax of $349.15, of which $9.74 was upon personal and the residue upon real property of the complainant. By the School law the directors are created a body politic and corporate, and are required to keep and maintain free schools within their district, and for that purpose are authorized to levy a tax annually upon all property within the district, not exceeding two per cent of the assessed value of such property, and for the purpose of building school houses, etc., a further sum, not exceeding three per cent of such assessed value. Act of 1889, art. 8, sec. 1.

The bill alleges that the levy was for the sum of $1450, and was for school purposes. There are no allegations impeaching the assessment of complainant's property, or charging that there was more of the tax extended against his property than a fair and just proportion, in accordance with the assessment of the property in the district. Nor is there any averment that the amount certified by the directors for school purposes exceeds two per cent of the assessed value of the property of the district, nor are any facts alleged from which that fact can be found or inferred. It is clear from so much of the bill that the directors, acting in their corporate capacity, were

authorized by law to levy the tax, for the purposes alleged, on the property of complainant, and that there was no excess in such levy.

The bill alleges further, that having determined upon the sum of $1450 as necessary for school purposes within the district, the persons acting as directors made a certificate thereof, and filed it with the township treasurer of the proper township, who transmitted the same to the county clerk, who computed. and extended the same as a tax., etc., upon the property taxed, and delivered the tax book, with the collector's warrant thereto attached, to the collector, in proper time, and that the collector was proceeding to collect the same. It is not questioned that this, if done by the directors properly, was in strict conformity with the law, and if there were no other allegations in the bill the matter might be dismissed with the simple reference to the statute prescribing the mode of levying the taxes in like cases.

It is to be observed that the certificate of levy filed with the township treasurer is not attached. as an exhibit to the bill, nor are there any allegations that it was not in strict conformity with the statute. It is this certificate that constitutes the levy, and upon that the tax is authorized to be extended and collected. The form of the certificate is given in the statute, and in the absence of averments to the contrary it is to be presumed that the one alleged to have been filed by Hahn and Harper, directors, was in compliance therewith. (School law of 1889, art. 8, sec. 2.) By section 3 of the act the treasurer is required to transmit, with maps, etc., such certificate of the directors to the county clerk, and he, by section 5 of the act, is required to extend upon the tax books the amount so certified against the property within the district.

It is, however, insisted, that the bill shows a case for equitable interposition, for the following reasons: First, because it is alleged that said directors, in determining the amount necessary for school purposes within the said district, and in making the levy, acted in their individual character, and not

in their corporate capacity; second, that the acts claimed as constituting such levy were not done at any regular or special meeting of the board of directors; third, because it is alleged that no record was kept, in a book provided for that purpose, of the action of the directors in that regard; and fourth, that the sum of $800 borrowed to build the school house in said district, in pursuance of a vote of a majority of the legal voters of the district, at an election pretended to be called and held by such persons, etc., who were directors, in their individual capacity, was included in said levy for school purposes.

In respect of the latter proposition, there is no allegation in the bill, as we have seen, as to the whole amount necessary for the maintenance of the schools of the district required by law to be kept therein, or any facts alleged tending to show the same, or that the directors, in determining the amount necessary for that purpose, were guilty of fraud or misconduct. Within the limit prescribed by the statute, the board of direct-ors are necessarily clothed with a large discretion in determining the amount necessary to be raised for maintaining free schools within their district, and to pay the ordinary and contingent expenses thereof. When, as here, the levy is clearly within the power conferred upon the directors, it will constitute no ground for a court of equity to interpose, and by injunction to prevent the collection of the tax, because more has been levied than the court might find was necessary for the authorized purpose. (*Lemont* v. *Singer, etc., Stone Co. supra.*) It is also the well established rule, that when taxes levied for a proper purpose by a body authorized by law to impose them, do not exceed the amount or rate allowed by law, the fact that it may be proposed to divert them to another purpose, even though such purpose be illegal, will not authorize a court of equity to restrain their collection. After the collection of the tax, equity will interpose and prevent its misappropriation. See cases *supra.*

The second and third points may be considered together, briefly. The statute provides that the board of directors shall hold regular meetings at such times as they may designate, and special meetings on the call of the president or any two members of the board. (Act of 1889, art. 5, sec. 18.) And also that "no official business shall be transacted by the board except at a regular or special meeting." (Ibid. sec. 19.) It is contended, that as it is alleged that the matter determining the amount necessary to be levied, and the determination to levy by the directors, was not made or done at a regular or special meeting, nor in the corporate capacity of the directors, but as individuals, and this being admitted by the demurrer, therefore the case is made of equitable cognizance. Nothing is admitted by the demurrer except that which is well pleaded, and all intendments are to be taken most strongly against the pleader. What is meant by the pleader by "regular" and "special" meetings of the board of directors, must be such meetings as are by resolution or order fixed or designated as "regular," and such "special meetings" as may be "called by the president or any two members,"—that is, to constitute a legal special meeting at which business may be lawfully transacted, it must be called by the president or two members of the board, thereby making the fact of its being called by one or the other, jurisdictional. We do not think such was the legislative intent. The purpose of the provision in respect of calling special meetings was, to give power to some designated person or persons to call the same, and thereby constitute it a legal meeting, at which a quorum might transact the corporate business. It was not intended to be exclusive, or to vest authority in the board it would not have if otherwise assembled. There is no allegation in the bill that the directors did not meet and consider the matter of levying said tax, and levying the same at such meeting. Nothing in the bill can have the effect of an averment that such action was taken separately by the persons acting as the board of directors, or

taken at different times and places. Therefore, as we have seen, the presumption must be indulged that they did meet, considered the amount to be raised for the authorized purpose for which the same was levied, determined the amount and made the levy. All that could be intended from the allegations of the bill is, that technically the action resulting in the levy was not had at a "regular" or "special" meeting called in the manner prescribed by the statute.

It seems to be insisted, that if three members of the board met without a formal call, although all were present and consenting to act, no business could be transacted at such meeting. We are not prepared to so hold. It is a matter of common knowledge that formerly persons would call upon the directors severally, and procure contracts purporting to bind the district without the joint or concurrent action of the members constituting the board. To correct this evil, the 19th section of the act was inserted, providing that no business should be transacted except at a regular or special meeting of the board. We are of opinion that the language of this section does not have reference to the particular manner in which special meetings may be called, but as a prohibition upon doing business by the members of the board, unless in meeting assembled. Nor does the allegation that they acted as individuals necessarily imply separate action, or that they acted individually, in the sense of acting at different times or places. Waiving the suggestion that these allegations are mere conclusions, it must be apparent that if the three directors met and determined the amount of school tax required, and made the statutory certificate, and delivered the same to the township treasurer, they were exercising an official function, and their joint concurrence and act was the exercise of their corporate power to levy the tax. And although it is alleged that the levy was made by two of the three directors, it will be presumed, if necessary to uphold the action of the board, in the absence of

averments to the contrary, that the other member of the board was present and concurring.

The third objection to the validity of the levy is, that no record was kept of the action of the board in respect thereof. The 17th section of the fifth article of the School law of 1889 requires the clerk of the school board to keep, in a well bound book, a record of the official acts of the board, which shall be signed by the president and clerk, and be submitted to the township treasurer for his inspection and approval. The provision respecting the levying of taxes for school purposes is in the eighth article, and there are there found specific directions as to what shall be done by the directors of the school district, and other officers, to make a valid levy of the school tax. The directors are required to ascertain, as near as practicable, annually, how much money must be raised by special tax for school purposes during the ensuing year, which they are required to certify to the township treasurer on or before the first Tuesday in August, annually. It seems clear that when the certificate is signed by the directors and filed with the treasurer, it is made the basis for the extension of the tax, and is in itself, in fact, the levy thereof. When it is transmitted to the clerk, he acts, in the extension of the tax and issuing his warrant for its collection, alone on such certificate. Nothing more is necessary, under the statute, to constitute it, as extended, a valid tax. The making of the certificate, and filing it as required by law, by the board of directors, is of itself a determination of the amount necessary to be raised for the purposes therein indicated.

Conceding, as must be done, that the determination of the amount to be raised, and the making and filing of the certificate of the levy, are official acts, which alone can be performed by the board of directors acting in their corporate capacity, and that therefore the clerk of the board is required to keep a record thereof, the question presented is, will his failure to do so render the tax void? We have seen that the officers

charged with carrying the levy forward act alone upon the certificate. They do not act upon the record of the board of directors as made by the town clerk. The machinery of the law which is to result in realizing the money required to carry on this governmental purpose, is put in motion and vitalized by the certificate thus filed and transmitted to the clerk.

We are of opinion that the failure of the clerk of the board to perform the duty enjoined by the 17th section of the act, or of the board to require it of him, can not have the effect to render the tax void. Ordinarily, *quasi* municipal corporations speak only by their record; but it is entirely competent for the legislature to prescribe what is necessary to be done by the municipal officers to constitute valid municipal acts, and what shall be the evidence of the same, and the legislature having prescribed what shall constitute a valid levy of the tax, and what shall be done to perfect the same and realize the money levied, it must be held that the requirement that the clerk shall keep a record of the official acts of the board of directors in respect of the levy of such tax, is directory, only. The matter of their keeping a record does not go to the question of the power of the board to levy the tax. It would, if kept, only be evidence of the exercise of the power and authority vested by law in the directors, and the statute has made the evidence of such exercise of power the certificate on file in the office of the county clerk. The validity of the tax not resting upon the record made by the clerk of the board of directors, a failure to make a record thereof will not render the tax levied in accordance with the law invalid.

No discussion of other portions of the bill will be necessary. None of the objections made go to the substantial justice of the tax, and we are of opinion that the allegations of the bill do not bring the case within any of the exceptions before stated, and that the demurrer was properly sustained thereto.

We are of opinion, however, that in respect to the matter of awarding damages upon dissolution of the injunction, the

error is well assigned.   The only evidence to sustain the suggestion of damage was that of two witnesses, one of whom testified: "Knew of the services rendered by the attorneys for the defendant in this case; had heard the argument had upon the demurrer of defendant to the complainant's bill, and that such services are reasonably of the value of $50." And another, who testified "that the value of the services of defendant's counsel in this case is $50." It is to be noted that one testified, who knew of the services rendered by the attorneys "in this case," and heard the arguments on demurrer, "that such services were reasonably of the value of $50." The injunction was dissolved upon motion. The damages to be recovered upon suggestion are those occasioned by the wrongful issue of the writ, (*Elder* v. *Sabin,* 66 Ill. 126,) and where the injunction is dissolved on motion, only reasonable solicitor's fees paid or agreed to be paid by the defendant for his services rendered, on the motion, can be recovered. (*Elder* v. *Sabin, supra; Hamilton* v. *Stewart,* 59 Ill. 330; *Albright* v. *Smith,* 68 id. 181; *Jevne et al.* v. *Osgood,* 57 id. 340.)   In cases where the bill is for injunction, only, solicitors may render services "in the case" in the preparation of the answer or examination into facts not appearing on the face of the bill, and 'afterwards the injunction be dissolved, on motion, for want of equity on the face of the bill, as was here done. All such service would be service rendered "in the case." It seems evident that the sum fixed by these witnesses would include all such services, but they would not be recoverable, although the defendant may have paid them, or become obligated to pay them.

We are of opinion that the court erred in assessing damages upon the evidence offered. The proof should have disclosed what would have been a customary and usual charge by reputable attorneys in practice in that county for like service as that rendered by the defendant's solicitors upon the motion to dissolve. Such services would necessarily include the ex-

amination of the bill, the preparation of the demurrer, and its proper presentation to the court; and if it further appeared that the defendant had agreed to pay the sum so proved, decree should have been rendered therefor.

The decree in respect of damages will be reversed, and in all other respects affirmed, each party to pay one-half of the costs of this court.

*Decree reversed in part and in part affirmed.*