The Chicago and Alton Railroad Company

*v.*

The People *ex rel.* James W. Martin, County Collector.

*Opinion filed February 14, 1898.*

1. Taxes—*valid certificate of school tax levy is essential to the validity of the tax.* A valid certificate of school tax levy by the school directors, or by the board of education in districts where such board has succeeded the directors, is essential to the validity of the tax. (*People* v. *Smith,* 149 Ill. 549, followed.)

2. Same—*certificate of school tax levy may be amended to show the facts.* A certificate of school tax levy signed by two persons as "directors" of the district may be amended, on application for judgment of sale for the delinquent tax, by changing the word "directors" to "board of education," and by designating the parties signing, as "president" and "secretary," respectively.

3. Same—*when amendment of certificate of levy will not vitalize school tax.* Amending a certificate of school tax levy signed by two persons as "directors," to read as signed by them as "president" and "secretary" of the board of education, does not operate to vitalize the tax, where there is nothing in the certificate or in the evidence to show that it was the certificate of the board of education, which consisted of six members and a president, or was authorized by it.

Appeal from the County Court of Will county; the Hon. A. O. Marshall, Judge, presiding.

William Brown & Mooney, for appellant.

William D. Heise, State's Attorney, for appellee.

Mr. Justice Wilkin delivered the opinion of the court:

This is an appeal from a tax judgment, entered by the county court of Will county, for certain delinquent school taxes. The appellant filed objections to various items of the tax, but abides by the decision of the trial court on all except that relating to the tax levied for building purposes in districts 2 and 8, in Reed township.

One objection is, that the taxes were not levied by a board of directors or other authority having the legal power or right to do so. The statute (3 Starr & Curtis, p. 3706, par. 203,) provides that the directors shall ascertain, as near as practicable, how much money must be raised, and shall issue a certificate stating the amount, which certificate is to be first returned to the township treasurer and by him returned to the county clerk. A form of this certificate is given in the statute. The boards of education in districts in which they succeed the boards of directors have the same powers and are required to make the levy in the same manner. (3 Starr & Curtis, p. 3692, par. 166, clause 1.)

At the trial a certificate of levy was introduced in evidence which was signed: "Alex. Kilpatrick, R. H. Hays, Directors District No. 2, Tp. 32, R. 9, Will Co., Ill." The minute book or record of the board of education of that district was also introduced in evidence, and this showed an entry of proceedings had by the board on July 7, 1896, at a regular meeting, in the following words: "Motion carried that a levy be made of five per cent on the taxable property of district No. 2,—two per cent for educational purposes and three per cent for building and repairs." Objection being made to the certificate when offered, the court permitted it to be amended by substituting for the word "directors" the words "board of education," and by placing after the names aforesaid the designations, respectively, "President" and "Secretary," making it read: "Alex. Kilpatrick, President, R. H. Hays,

Secretary, Board of Education District No. 2," etc.   As thus amended the certificate was permitted to go in, over the objection of the appellant.

District No. 2 was in charge of a board of education consisting of six members and a president, and so far as this amendment goes we think it was proper under section 191 of the Revenue act.   But the difficulty is that this amendment did not cure the fatal defect, viz., that the certificate was not the certificate of the board, nor was it made to appear that it was authorized by the board.   The certificate is jurisdictional.   Without it the tax is void.   (*Weber* v. *Ohio and Mississippi Railway Co.* 108 Ill. 451.)   The record of the board is very similar to the one in the case of *People* v. *Smith,* 149 Ill. 549, where this court said (p. 551): "It is to be observed, however, that there is in the proceedings of the board no order or direction that the certificate contemplated by said section of the statute be filed, or any attempt to authorize any person or persons to file the same." The conclusion in that case was, that the levy there involved was void *ab initio* on that account, and that it could not be made valid by amendment.   The later case of *Spring Valley Coal Co.* v. *People,* 157 Ill. 543, does not conflict with that decision, but is in harmony with it.   The holding in the *Smith case* is conclusive here.

The same condition of affairs exists as to the levy in district No. 8.   The certificate is signed in like manner and the record of the board is defective in the same particular.

It is unnecessary to discuss other questions raised in the record.

The appellant paid all other taxes except those levied for building purposes in the two districts above mentioned, and as these were illegally levied and no amendment could vitalize them it would be useless to remand the cause.   The judgment is therefore reversed.

*Judgment reversed.*