THE PEOPLE *ex rel.* Charles H. Edmands, Jr., County Collector, Appellee, *vs.* CHARLES HENKLE, Appellant.

*Opinion filed December 17, 1912.*

1. TAXES—*when certificate of school tax levy by the board of education is sufficient.* Under section 190 of the School law, as revised in 1909, a certificate of a school tax levy by a board of education in the form prescribed by such section and signed by the president and secretary of the board is sufficient, and it is not necessary that it be signed by a majority of the members of the board or that proof be made that the president and secretary were authorized to sign the certificate.

2. SAME—*the fact that notices of school building election were posted may be shown by parol.* It is not essential to the validity of a building tax that the posting of the notices of the election to erect a school building shall be shown by the record of the board of education, and the facts that the notices were posted, and that the certificate of posting was filed with the clerk but has been used as evidence in other litigation and cannot be found, may be proved by parol evidence.

3. SAME—*the fact that school directors levy maximum tax does not defeat high school tax by board of education.* The fact that the school directors levy the maximum rate of taxes for educational purposes for the common schools does not defeat the validity of a tax for educational purposes levied by the board of education in the high school district. (*People* v. *Chicago and Illinois Midland Railway Co. ante,* p. 488, followed.)

APPEAL from the County Court of Sangamon county; the Hon. J. B. WEAVER, Judge, presiding.

H. L. CHILD, (J. E. HOGAN, C. F. MORTIMER, and WILSON, WARREN & CHILD, of counsel,) for appellant.

EDMUND BURKE, State's Attorney, (E. S. SMITH, A. D. STEVENS, W. B. McBRIDE, and ADOLPH BERNARD, of counsel,) for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

School township 13, north, range 4, west of the third principal meridian, about half of it lying in Sangamon county and half in Christian county, was organized into a township high school district May 1, 1909, called "Pawnee Township High School." The greater part of common school district No. 155 is embraced in the high school district. In the year 1911 the school directors of district No. 155 levied a school tax for educational purposes of $1.50 on the $100 valuation, which was extended against the property lying in said high school district. In the same year the board of education of the high school levied a tax of $7000 for educational purposes and $16,000 for building purposes, which was extended against all the property embraced in the high school district, including the portion of district No. 155 which lies in the township high school district. The rate levied by the board of education of the high school district for educational purposes was seventy cents on the $100 and $1.50 on the $100 valuation for building purposes. Appellant is the owner of land in common school district No. 155, and he paid the tax extended against his property on the levy made by the school directors of that district and objected to judgment for the tax extended against his property by virtue of the levies made by the board of education of the high school district. The county court overruled the objections and rendered judgment, from which this appeal is prosecuted.

Three objections are urged to the validity of the tax levied by the board of education of the high school dis-

trict. The first objection is, that the certificate of levy made by said board was illegal and void. Section 190 of the revision of the School law in 1909 provides that the board of education shall ascertain, as near as practicable, annually, how much money must be raised by special tax for educational and for building purposes for the ensuing year and certify the amounts to the township treasurer on or before the first Tuesday of August. "The certificate shall be signed by the president and clerk, or secretary, as the case may require, and may be in the following form, to-wit:" Then follows the form prescribed, which is required to be signed by the president and clerk or secretary of the board. The certificate in this case was in strict compliance with the statute. It is of no consequence that prior to the revision of 1909 the certificate was required to be signed by a majority of the members of the board. As the law now exists it is only required to be signed by the president and clerk or the secretary. It is also objected that the record of the board of education fails to show that the president and secretary were authorized or directed to make and sign the certificate. This was not necessary to the validity of the levy. *Lawrence* v. *Traner,* 136 Ill. 474; *St. Louis, Rock Island and Chicago Railroad Co.* v. *People,* 177 id. 78.

The second objection is, that the building tax was illegal and void because no authority had been given the board of education to erect a building at any election called for that purpose where the statutory notice required for such election had been given. The record of the board of education showed that on June 8, 1909, an election was ordered to be held on June 19, 1909, for the purpose of voting on the question of building a township high school building, and the secretary was instructed to post notices of said election in the manner required by law. It was shown by the poll-books of said election that on that date 230 votes were cast for building a township high school and

five against it. The records of the board do not show that notice of the election had been given as required by statute, and appellant contends that this was fatal to the validity of the levy for building purposes. A printed copy of the notice of the election was offered in evidence, and members of the board testified the notice was posted in three of the most public places in the district, as required by law. It was also shown that a copy of the notice, with the certificate of the secretary of the board of its having been posted ten days prior to the election, had been among the records of the board and was used in evidence and made an exhibit in former litigation in which the high school district was involved, but the certificate of posting could not be found. It was competent to prove the loss of the certificate of posting, and the fact that the notice had been posted, by parol evidence, and the uncontradicted testimony showed that the notice had been posted in the manner required by law. (1 Elliott on Evidence, sec. 216; 15 Cyc. 326.)

The third objection is, that the tax for educational purposes extended against the objector's property which was in the high school district and also in common school district No. 155 was excessive to the extent of seventy cents on the $100; that the school directors of district No. 155 had levied the maximum rate ($1.50) authorized to be levied for educational purposes; that adding to it the rate of seventy cents levied by the board of education of the high school district made a rate of $2.20 on the $100 valuation, which, it is claimed, is in excess of the amount authorized to be extended against objector's property for educational purposes. Objector paid the $1.50 levied by the school directors of district No. 155 but objected to the seventy cents. This question was presented and passed upon in *People* v. *Chicago and Illinois Midland Railway Co.* (*ante,* p. 488,) and under the decision in that case the tax objected to under the third objection was not invalid.

The county court committed no error in overruling appellant's objection and rendering judgment for the tax objected to.

The judgment is affirmed.

*Judgment affirmed.*