## Arthur Hay, Appellee, v. Pleasure Driveway and Park District of Springfield, Appellant.

1. PARKS—*power to discharge engineer.* An engineer appointed by a park board for a year cannot recover his salary to the end of the term on his prior discharge, where the statute under which the board is organized provides that an engineer shall hold his office during the pleasure of the board.

2. EVIDENCE—*when ordinance is admissible.* Where plaintiff, who was appointed chief engineer by a park board at a salary of $1,800 a year and paid monthly $150, is discharged before the end of a year and sues for his salary for the remaining months, an ordinance providing that employes may be suspended at the pleasure of the board and shall be paid only the unearned wage for the remainder of the current month is erroneously excluded.

3. EVIDENCE—*records of meeting of park board.* Where plaintiff, an engineer for defendant park district, is discharged by the park board and sues for his salary for the remainder of a year, the records of the meeting showing the attempted discharge, offered in evidence by defendant, are improperly excluded, plaintiff not being entitled to raise the objection that the call for the meeting was not signed by two members and did not contain notice that the discharge of plaintiff would be acted upon at the meeting.

4. APPEALS AND ERRORS—*where judgment is entered by court of review.* Where plaintiff, an engineer for defendant park district, is discharged by the park board and obtains a judgment for $450, his salary for the remainder of the year, the cause having been tried without a jury, and it appearing from the evidence that plaintiff is only entitled to $150, his salary for one month, the judgment of the lower court will be reversed and a judgment entered for $150 by the appellate court.

Appeal from the County Court of Sangamon county; the HON. JOHN B. WEAVER, Judge, presiding. Heard in this court at the April term, 1912. Reversed. Opinion filed March 18, 1913.

B. L. CATRON, for appellant.

SMITH & FRIEDMEYER, for appellee.

MR. JUSTICE PHILBRICK delivered the opinion of the court.

Appellant is organized under chapter 105, Hurd's Revised Statutes, state of Illinois, which permits the creation of parks and pleasure driveways for park purposes, in the city of Springfield. Appellee was, at a meeting held in June, 1910, duly appointed chief engineer, by the park board, at a salary of $1,800 a year, for the term of one year, which expired May 31, 1911. The park board, under this statute, consists of seven members, six trustees and a president, the president having all the powers of a member of the board. By reason of the shortgage of funds and the necessity of curtailing expenses, the park board, at a meeting held on March 22, 1911, relieved appellee of his appointment as chief engineer of the board and refused to pay him thereafter. Appellee, insisting that his appointment was for one year and denying the power of the board to remove him within that time after such employment, brings suit for the balance claimed to be due him, amounting to $450. Upon the trial below, appellee offered in evidence the records of the park board showing his employment and the amount of salary he was to receive, admitting the payment of $1,350, contending that he is entitled to recover for the time after his attempted discharge by the board. On motion of the plaintiff, the court directed the jury to find a verdict for the plaintiff for $450, upon which judgment was rendered. Appellant insists that this judgment is erroneous, and appellee is not entitled to recover, and brings the record to this court by appeal.

The trial court sustained objections to the offer of the records of the park board of the meeting showing the attempted discharge of appellee as chief engineer on March 22, 1911, and it is insisted by appellant that the court erred in its rulings upon this evidence. This evidence was objected to and the objection sustained by the court upon the ground that the meeting of the board of trustees, or park commissioners, held on March 22, was not a legal meeting for the reason that no call therefor was signed by two members of the board requesting the president to call a meeting, and that this was a necessary requirement under the statute before a special meeting could be held. Also, upon the ground that the call which was issued for the special meeting by the president of the board did not contain notice that the question of the discharge of the engineer would be acted upon at that meeting.

Section 4 of the Act approved June 19, 1893, being paragraph 110 of chapter 105, Hurd's Revised Statutes 1911, provides for the duties and powers of the president and trustees elected under the provisions of that act; it provides, among other things, as follows: " * * * and may, in addition to the offices above mentioned, employ an engineer and attorney for such municipality, who shall hold their offices during the pleasure of the Board."

It is insisted by appellee that the board having elected to designate the term of office for the chief engineer for one year, that this was an expression of the pleasure of the board, and it could not afterwards discharge him. We cannot agree with this contention. The statute gave the engineer only the right to hold the office during the pleasure of the board, he took his office with full knowledge of this provision of the statute and is bound thereby. To hold this contention would be to deprive the board of the powers expressly given it by the statute. If the contention could be maintained that when the board designated one year

26    APPELLATE COURTS OF ILLINOIS.

Hay v. Pleasure D. & P. Dist. of Springfield, 181 Ill. App. 23.

as the limit of his appointment he was not subject to removal within that time, if the board had seen fit to designate the limit of his appointment for either two, three, four or five years, the same result would follow, and he could not be removed until the expiration of the full term designated in his appointment. The mere fact that the board designated one year as the limit of his appointment did not deprive it of the right to remove him at its pleasure. *Uffert* v. *Vogt,* 65 N. J. Law 621; *Mathis* v. *Rose,* 64 N. J. Law 45; *Egan* v. *City of St. Paul,* 57 Minn. 1.

The statute under which this board of trustees was created also authorized them by ordinances to prescribe the duties and fix the compensation of the officers and employees of the board.

Appellant offered in evidence ordinances passed by it which provided that all employees and appointees on the monthly pay roll, from and after the date of the passage of the ordinance, which was prior to the employment of appellee, were employed and appointed upon the following express conditions: "At the pleasure of the Board, said employees may be suspended or discharged, with or without previous notice, and when so suspended or discharged without cause shall be paid only the unearned wage for the remainder of the current month."

It is insisted by appellee that by reason of his salary having been fixed at the sum of $1,800 per year, that the ordinance had no reference to him, and it was upon this ground that the objection was sustained to the introduction of the ordinance. The record in this case discloses that while the salary of appellee was fixed at $1,800 per year, he was paid and received monthly $150, whether or not he was on the monthly pay roll is not disclosed by the record. We think it was error for the court to refuse the admission of this ordinance in evidence, and when admitted it then devolved upon

appellee to show that he was not on the monthly pay roll.

While the statute regarding special meetings provides that the president shall call special meetings of the board on request of two or more of the trustees, and in case of special meetings shall cause written notices to be given to all members of the board of trustees, and while a resolution or ordinance of the board provides that no business could be transacted at a special meeting unless notice thereof was given in the notice of said special meeting, we are not prepared to hold that it was necessary before a special meeting could be held that a request therefor must be signed by at least two members of the board of trustees. The case of *Lawrence* v. *Traner,* 136 Ill. 474, is conclusive upon this question, and it is unnecessary for us to repeat the language used by the Supreme Court in that case. The contention that it was necessary to incorporate in the notice the exact language that the question of the discharge or removal of the chief engineer was to be considered at that meeting is not one which anyone but the members of the board could take advantage of. We think, under the ruling in *Lawrence* v. *Traner, supra,* that the board, unless objection was made, had power to consider, where all were present as was the fact in this case, any matter that the board should desire to consider. Appellee was present at the meeting of March 22, when the action was taken by the board relieving him from further duties as chief engineer, and it was not necessary that any special notice thereof should afterwards be given him.

We are satisfied that the board had power and authority to relieve appellee as chief engineer of that board, that the court erred in refusing admission of evidence as above indicated offered by appellant. Consequently, the court erred in directing a verdict for the plaintiff for $450. It is insisted by appellant that plaintiff is not entitled to recover anything in this ac-

tion for the reason that under the ordinance offered in evidence, admission of which was refused, appellee comes within the terms of the ordinance and was upon the monthly pay roll and was therefore only entitled to recover upon *quantum meruit*, but this ordinance provides that where a party shall be discharged without cause, he shall be paid only the unearned wage for the remainder of the current month.

Applying this ordinance, appellee was entitled to recover for the month of March, 1911, as he was discharged on the 22d day of that month, he would, therefore be entitled to recover $150. Other objections were made by appellee to the introduction of the evidence offered by appellant in the trial court, but we do not consider them valid or sufficient.

The cause having been tried without a jury final judgment will be rendered in this court. Judgment in this court in favor of appellee and against appellant for $150, costs of this court to be paid by appellee.

Reversed with final judgment in this court.

*Reversed.*