(Nos. 13519-13520.—Judgment affirmed.)

The People *ex rel.* Frank A. Jasper, County Collector, Appellant, *vs.* The Wabash Railway Company *et al.* Appellees.

*Opinion filed February 15, 1921.*

Taxes—*tax for community high school district levied after first Tuesday of August is void.* Statutory provisions as to the time for levying taxes are jurisdictional and mandatory, and the levy of a tax for school purposes by a community high school district which was made and certified by the board of education after the first Tuesday of August is void, notwithstanding the district was not organized until after such date.

Stone, J., dissenting; Thompson, J., took no part.

Appeal from the County Court of Adams county; the Hon. Fred G. Wolfe, Judge, presiding.

J. LeRoy Adair, State's Attorney, (J. T. Ingram, of counsel,) for appellant.

Wilson & Schmiedeskamp, and M. Finlay Carrott, (N. S. Brown, and Joseph A. Connell, of counsel,) for appellees.

Mr. Justice Carter delivered the opinion of the court:

This appeal is from a judgment rendered in the county court of Adams county sustaining objections filed by appellees, the Wabash Railway Company and Chicago, Burlington and Quincy Railroad Company, to the application of the county collector of said county for judgment against their property for failure to pay taxes levied for three different community high school districts. Separate appeals were perfected as to each of the two railroad companies, but as the points involved are the same, the cases have been consolidated and single briefs filed, and the two cases will be considered in one opinion.

It appears from the record that three community high schools, LaPrairie, Golden and Camp Point, were organ-

ized in said county on petitions filed under the School law
with the county superintendent of schools in October and
November, 1919; that at the elections held in each of the
proposed districts the vote was in favor of organizing; that
thereafter the county superintendent called an election for
December 20, 1919, in each of the three districts to elect
members of the high school boards; that the certificates
of election of said members were issued by the county su-
perintendent on December 22, 1919, and that each of said
boards made and filed in the county clerk's office a certifi-
cate of levy of a special tax for educational purposes, that
of the LaPrairie district being made and filed December 22,
1919, that of the Golden district being made December 23,
1919, and filed on the following day, and that of the Camp
Point district being made January 2, 1920, and filed the
next day, upon each of which three certificates a special tax
for educational purposes was levied, assessed and extended
against appellees' property. It was urged in the trial court,
as it is urged here, that appellees' objections to all these
taxes were properly sustained by the trial court because the
certificates were not made and certified within the time re-
quired by statute.

Section 91 of the general School law provides that
boards of education in school districts such as these shall
have the powers and discharge the duties of boards of edu-
cation elected under the general School law. Section 190
of the School law provides that boards of education shall
ascertain, as near as practicable, annually, how much money
must be raised by special tax for educational and for build-
ing purposes, and must certify and return such amounts
annually to the township treasurer on or before the first
Tuesday in August, and the township treasurer shall return
the certificate to the county clerk on or before the second
Monday in August in such year. Section 135 of the Reve-
nue law provides that the respective county clerks shall,
on or before the twentieth day after the first day of De-

cember, annually, or as soon thereafter as the collectors are duly qualified, deliver to them the books for the collection of taxes.

Manifestly, from what has already been stated, the boards of education of these three township high schools did not, and could not, ascertain the amount of the tax and certify it to the proper authorities within the time required by the statute, and the other public authorities could not levy the tax and deliver the books to the county collector within the time required by the statute. This is conceded by counsel for appellant, but they insist that the provisions of the statute as to the time when the tax levy should be made are directory and not mandatory, under the rulings of this court in *Buck* v. *People,* 78 Ill. 560, and *Moore* v. *Fessenbeck,* 88 id. 422. We have held in many cases that the certificate of tax levy is jurisdictional and that a tax levied after the date required by statute is void. *Chicago and Alton Railroad Co.* v. *People,* 171 Ill. 544; *Chicago and Alton Railroad Co.* v. *People,* 163 id. 616; *People* v. *Smith,* 149 id. 549; *Chicago and Eastern Illinois Railroad Co.* v. *People,* 200 id. 237.

This court has had occasion to refer to the decisions relied upon by counsel for appellant in several decisions, among others *Chicago and Northwestern Railway Co.* v. *People,* 193 Ill. 594. It is apparent that the conclusions in the decisions relied on by counsel for appellant were based upon section 191 of the Revenue act, which provides that no tax shall be considered illegal on account of any irregularities or informalities in the proceedings or of the officers connected with the assessment, levying or collecting the tax, not affecting the substantial justice of the tax itself, and this court said, after referring to that section (p. 598): "Under that provision mere irregularities and informalities in the levy not affecting the substantial justice of the tax do not render it illegal. Where the taxing authorities have power to make a levy at the time they undertake to do so,

the failure to certify it or make return on the day or within the time fixed by the statute will not affect the tax. [Citing *Buck* v. *People, supra,* and *Moore* v. *Fessenbeck, supra.*] That section, however, is not to be construed as curing every defect in attempts to tax. * * * Provisions of the statute designed for the protection of the tax-payer are mandatory and a disregard of them will render the tax illegal. In *Chicago and Alton Railroad Co.* v. *People,* 190 Ill. 20, we held that the provision as to the time of meeting of the board of auditors is mandatory, and that a tax based on a certificate of claims audited at other times is illegal, for the reason that a different construction would clothe the board with arbitrary power, and, in effect, deny claimants and others interested all opportunity to be heard." After citing several other authorities the opinion holds that the meetings to make the levy must be held at the time required by the statute. In construing statutes containing similar provisions with reference to the time of levying taxes by public authorities this court has held that such provision as to the time must be complied with. *Indiana, Decatur and Western Railway Co.* v. *People,* 201 Ill. 351; *People* v. *Toledo, St. Louis and Western Railroad Co.* 266 id. 112; *People* v. *Chicago, Rock Island and Pacific Railway Co.* 269 id. 513.

In reaching this conclusion we are not unmindful of the decisions of this court in construing the School law as to the levying of taxes, in *Lawrence* v. *Traner,* 136 Ill. 474, *St. Louis, Rock Island and Chicago Railroad Co.* v. *People,* 177 id. 78, and *Baltimore and Ohio Southwestern Railroad Co.* v. *People,* 195 id. 423, wherein this court stated that the certificate of the school directors filed with the township treasurer constitutes the levy of school taxes, and that the validity of the tax depends upon said certificate and not upon the record of the board. We think nothing said in those decisions contradicts in any way the conclusion heretofore reached in this opinion. In construing section 190

of the School law in *Lawrence* v. *Traner, supra,* the court specifically stated (p. 486) that the directors were required to ascertain, as near as practicable, annually, the amount to be raised for school purposes for the ensuing year, "which they are required to certify to the township treasurer on or before the first Tuesday of August, annually." The certificate from which the tax levy was made in *St. Louis, Rock Island and Chicago Railroad Co.* v. *People, supra,* was shown by the opinion to have been made the first part of August, and the same is true as to the certificate in *Baltimore and Ohio Southwestern Railroad Co.* v. *People, supra.* It is manifest from an examination of these opinions that the court intended to hold in each of these three cases that the certificate must be made and certified to the township treasurer on or before the first Tuesday of August, as provided by section 190 of the School law. Reading this section of the School law, together with the other sections of said law, in connection with the provisions of the Revenue law with reference to the action to be taken by various officials during the year for the purpose of collecting and levying taxes, it would seem necessarily to follow that the action of the board of education fixing the tax must be taken before the first Tuesday of August. If the action of the school board can be taken at any time within a current year there would be no order or regularity as to the time when the taxes should be assessed and the returns made for the various school districts. To hold otherwise would result in chaos in the levying of school taxes for the various districts and would not serve any useful public purpose.

Under the authorities cited there can be no question that the meetings for fixing and certifying these taxes, held by the boards of education of the respective township high schools in December, 1919, and January, 1920, were not held at the time required by the statute, and that the tax levy based on the certificates of levy made by the boards

of education must be held illegal and void, and the county court rightly sustained the objection to all of these taxes.

Other objections are raised as to the taxes in certain of these high school districts, but in view of the conclusion reached on the point discussed the objections as to all these taxes must be sustained, and therefore it is unnecessary to consider or decide the other questions raised.

The judgment of the county court will be affirmed.

*Judgment affirmed.*

Mr. JUSTICE STONE, dissenting:

I cannot concur in the holding of the court concerning the taxes levied by the three high school districts in question. The districts were organized under section 89a of the School law. (Laws of 1919, p. 908.) That section does not prescribe a certain time during the year for holding elections for the organization of such school districts, but provides that the county superintendent of schools shall, upon receipt of the required petition, order an election to be held by posting notices as by the act prescribed. It follows that under this section the organization of such districts may be had at any time during the year. This section further requires that within thirty days after such organization an election for a board of education shall be held. The members of the board are by that act required to meet and organize within ten days after their election, and, when organized, to proceed to establish at some central point a community high school. By section 117 of the School law they are authorized to issue anticipation warrants against a tax levied to conduct such high school, thus providing for the operation of the high school pending the collection of the tax.

Section 190 of the School law, while providing that boards of directors or boards of education are required to ascertain, annually, the amount of money necessary to be raised by tax for educational and building purposes for the next ensuing year and to certify and return the same

to the township treasurer on or before the first Tuesday in August of each year, also provides as follows: "A failure by the school board to file the certificate, or of the treasurer to return it to the county clerk in the time required, shall not vitiate the assessment." Statutes prescribing the duty of officials where the time within which the act is to be performed is not fixed for the purpose of giving a party a hearing, or for some other purpose important to him, are generally regarded as directory, unless the nature of the act to be performed or the phraseology of the statute is such that the designation of the time must be considered as a limitation on the power of the officers. (Sutherland on Stat. Const.—2d ed.—sec. 612.) This particular question has not been before this court in a case of this kind. It has, however, been decided by the Supreme Court of Kansas in two cases: *Rural High School District* v. *Raub,* 103 Kan. 757, and *Bush* v. *Rural High School District,* 103 id. 874. In each of these cases the district was not organized until after the time named in the statute for the making and return of the levy, and it was held by the court that the purpose of fixing the time within which the school officers should perform their duties was to secure the orderly and prompt conduct of official business and not for the purpose of giving a party a hearing or for some other purpose important to him, and that in a case where the district had not been in existence and there was therefore no default on the part of the officers, the provision of the statute as to the time for the making and return of the certificate of levy was directory merely. These cases are on all-fours with the case at bar.

While in the instant case these school districts were not in existence on the first Tuesday in August, yet such school districts were in existence and ready to function before the time for the extension of the tax, and unless the statute designating the first Tuesday in August as the time for the making and return of the certificate of levy must be taken

as a limitation on the power of the officers, when elected, to make such a levy, then such provision, in a case of this kind, ought to be held directory rather than mandatory, and it ought not to be held that although the legislature has power to authorize the organization of such school district after the first Tuesday in August, yet such district, when formed, is to be considered as wholly unable to function. It cannot be contended that the legislature does not have power to authorize the tax to be levied and extended in the manner here followed. It cannot be urged that the time fixed by the statute for the making of the certificate is so fixed for the purpose of giving opportunity to tax-payers for a hearing. The substantial justice of the tax is not affected by the date of the making and return of the cer- · tificate of levy. The rule quoted in Sutherland on Statutory Construction, *supra,* should be applied in this case. The legislature having authorized the districts and charged the boards of education with the duty to proceed to establish and conduct high schools, it is a construction of the act not within its spirit to hold that because the districts were not in existence before the first Tuesday in August the provision of section 190 of the School law regarding the failure of a school board to file its certificate in the time required should not apply.

Section 190 declares the levy shall be made by certifying and returning to the township treasurer and county clerk the amount of tax needed. It has been definitely held in this State that the levy of a school tax consists of the making and the filing of the certificate of levy by the board of education. (*Lawrence* v. *Traner,* 136 Ill. 474.) The filing of the certificate with the town treasurer and county clerk is as much a part of the levy as is the preparation of such certificate, (*Baltimore and Ohio Southwestern Railroad Co.* v. *People,* 195 Ill. 423,) and since both are required to make a valid levy, I am unable to find reason for holding that the provision as to the time for preparing the

certificate, as distinguished from the time of filing it, must be considered mandatory in such a case as this. To construe the law as it is construed in the opinion of the court is to say that while the certificate may be returned or filed with the town treasurer and county clerk at any time before the extension of the tax, yet, unless such certificate is prepared before the first Tuesday in August, such district, though required under the act to proceed to conduct a high school, must. nevertheless remain inert and helpless for a year before it is authorized to levy taxes. Such I believe to be contrary to the legislative intent. Moreover, section 90 of the School law provides, in part, as follows: "If any high school district organized * * * under any statute in force at the time of its organization, * * * shall for one year fail to maintain a recognized high school it shall be the duty of the *ex-officio* board of the county in which the larger part of the district lies to dissolve said high school district and attach the territory of the district to other high school districts, or to non-high-school districts, or in part to both." By the adopted construction of section 190, a district organized shortly after the first Tuesday in August is to be dissolved, under section 90, before it functions at all, because it has failed for one year to maintain a recognized high school. I do not believe this to have been the intention of the legislature. To so hold is to render section 89*a* nugatory in so far as it requires the school district to proceed to conduct a high school.

Considering the various sections herein referred to, I am of the opinion that it was the intention of the legislature, in cases where a district has been organized between the first Tuesday in August and the time when the taxes must be extended, to allow such district to make its levy of taxes and to conduct a high school. The objection to this tax is not valid.

Mr. JUSTICE THOMPSON took no part in the decision of this case.