(Nos. 14283-84-85.—Judgment affirmed.)

THE PEOPLE *ex rel.* E. G. Williamson, County Collector, Appellee, *vs.* HARLEY COX *et al.* Appellants.—Same appellee *vs.* THE CHICAGO, ROCK ISLAND AND PACIFIC RAILWAY COMPANY, Appellant.—Same appellee *vs.* THE CHICAGO, BURLINGTON AND QUINCY RAILROAD COMPANY, Appellant.

*Opinion filed December 22, 1921—Rehearing denied Feb. 10, 1922.*

1. TAXES—*when certificate of special school tax levy is properly signed.* Section 190 of the School law, as amended in 1909, does not require the certificate of a special school tax levy to be signed by the directors or a majority of them but by the president and clerk or secretary of the board.

2. SAME—*what constitutes the levy of special school tax.* The certificate of levy required by section 190 of the School law, as amended in 1909, is the evidence of the board's action and the authority of the county clerk to extend the tax but is not itself the levy, as it is the action of the board in ascertaining how much money must be raised by special tax for educational or building purposes which constitutes the levy.

3. SAME—*certification of levy of special school tax need not be made in presence of board.* Under section 190 of the School law, as amended in 1909, the certification of a special school tax levy by the president and secretary or clerk of the board need not be made in the presence of the board, and where the amount of money required has been ascertained by resolution of the board, in accordance with the statute, the record of the board need not show that the president and secretary were authorized or directed to make and sign the required certificate.

4. SAME—*when special school tax levy is valid although certificate is not filed in required time.* Section 190 of the School law, as amended in 1909, expressly provides that a failure by the board of education to file the certificate of a special school tax levy or of the treasurer to return it to the county clerk in the required time shall not vitiate the assessment, and where the levy is made prior to the time limited for filing the certificate the tax is valid although the certificate is not filed within the required time.

APPEALS from the County Court of Stark county; the Hon. FRANK THOMAS, Judge, presiding.

T. W. HOOPES, J. A. CONNELL, and DANIEL TAYLOR, for appellants.

JOHN W. FLING, JR., Special State's Attorney, (J. H. RENNICK, of counsel,) for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

The board of education of Wyoming Community High School District No. 71, in Stark county, met on July 6, 1920. The president and four other members of the board were present, and a resolution was adopted by unanimous vote "that the tax levy for school year of 1920-21 be, $9500 for educational and $10,000 for building purposes." The record of the meeting shows that the motion was declared carried and "levy ordered by president." On July 7 the president and secretary of the board met and signed in their official capacity a certificate in the form provided by section 190 of the School law, that the board required the sum of $9500 to be levied as a special tax for educational pur-

poses and the sum of $10,000 to be levied as a special tax for building purposes. This certificate was filed with the township treasurer on August 10 and the county clerk on September 4, 1920, and taxes were extended against the taxable property of the district. At the June term, 1921, of the county court of Stark county application was made by the county collector for judgment and order of sale of lands in the district which were delinquent in the payment of this tax. Objections were filed by many land owners, which were overruled, judgment was rendered against the land, and the objectors appealed.

Three appeals have been prosecuted: One by the Chicago, Rock Island and Pacific Railway Company, one by the Chicago, Burlington and Quincy Railroad Company, and many individual land owners have joined in the third appeal. They have all been consolidated for hearing in this court.

The objections which are insisted upon are, (1) that the tax was void because the board of education did not order or authorize the certificate of levy which was filed to be made; (2) that the certificate of levy was made on a day when the board was not in session; and (3) that it was not filed within the time provided by statute.

Before the amendment of the School law in 1909 it was held that the certificate of the school directors itself constituted the levy of the tax; that it was essential to the validity of the certificate that it should have been signed at a meeting of the directors; that the making of the certificate was itself an ascertainment of the amount required; and that it was not necessary that there should be a resolution showing the ascertainment of the amount required, the levy of the tax or directing the making of the certificate. (*Lawrence* v. *Traner*, 136 Ill. 474; *People* v. *Smith*, 149 id. 549; *Chicago and Alton Railroad Co.* v. *People*, 171 id. 544; *St. Louis, Rock Island and Chicago Railroad Co.* v. *People*, 177 id. 78; *People* v. *Chicago and Northwestern*

*Railway Co.* 183 id. 311; *Chicago and Northwestern Railway Co.* v. *People,* 184 id. 240.)   The certificate of levy before the amendment of 1909 was required to be signed by the directors.   Section 190 of the School law since 1909 has provided as follows:

"Sec. 190. The board of directors or board of education of each district shall ascertain as near as practicable, annually, how much money must be raised by special tax for educational and for building purposes for the next ensuing year.   Such amounts shall be certified and returned to the township treasurer on or before the first Tuesday in August, annually.   The certificate shall be signed by the president and clerk, or secretary, as the case may require, and may be in the following form, to-wit:

*"Certificate of Tax Levy.*

"We hereby certify that we require the sum of ........ dollars, to be levied as a special tax for educational purposes, and the sum of ........ dollars to be levied as a special tax for building purposes, on the equalized assessed value of the taxable property of our district, for the year 1.....

"Signed this ...... day of .........., 1..... ·

A........ B.........., President,
C........ D.........., Clerk,
     District No. ....., ..........County.

"The township treasurer shall return the certificate to the county clerk, on or before the second Monday of August.   A failure by the school board to file the certificate, or of the treasurer to return it to the county clerk in the time required, shall not vitiate the assessment."

Under this section the certificate is not required to be signed by the directors or a majority of them, but by the president and clerk or secretary of the board.   The certificate signed by the president and clerk or secretary of the board is still the authority upon which the county clerk extends the tax, but it cannot be regarded itself as the levy of the tax.   It is the board of directors or board of education which must ascertain how much money must be raised

by special tax for educational and building purposes, and it is their action which levies the tax. The certificate of the president and clerk or secretary is merely evidence of such action upon which the county clerk is authorized to act in the extension of the tax. The resolution of the board of education was an ascertainment of the money required in accordance with section 190. It was not necessary that the record of the board should show that the president and secretary were authorized or directed to make and sign the certificate which was required by the statute. (*People v. Henkle,* 256 Ill. 585.) The statute directs the amounts to be certified and that the president and clerk or secretary shall certify them in the form directed by the statute. It was not necessary that they should be made in the presence of the board. Their action is simply an official authentication of the action of the board which the statute imposed upon them the duty of making.

To support the contention that the tax is void because the certificate of levy was not filed with the township treasurer or county clerk within the time fixed by law the appellants cite *People v. Wabash Railway Co.* 296 Ill. 518. That case does not sustain the proposition. The attempts to levy the taxes involved in that case were not made until December 22, 1919, December 23, 1919, and January 2, 1920, and the court held that a tax levied after the time limited by the statute is void. It was the time of the action of the board of education in levying the tax which was in question and not the time of filing the certificate of levy. The last sentence of section 190 of the School law provides that a failure by the board to file the certificate or of the treasurer to return it to the county clerk in the time required shall not vitiate the assessment.

The judgment will be affirmed.     *Judgment affirmed.*