(No. 14134.—Judgment reversed.)

THE PEOPLE *ex rel.* Henry W. Toennings, County Collector, Appellee, *vs.* DANIEL RICH *et al.* Appellants.

*Opinion filed December 22, 1921—Rehearing denied Feb. 9, 1922.*

1. SCHOOLS—*high school validating act of May 10, 1921, does not validate taxes levied in de jure district.* The act of May 10, 1921, (Laws of 1921, p. 797,) validating the organization of certain community high school districts, does not apply to *de jure* districts legally organized in the first instance, and section 4 of said act does not have the effect of validating a tax levy made in a *de jure* district after the time required by law for the making of such levy, as said section refers only to such districts as come within the act.

2. SAME—*when the act of June 10, 1921, validating tax levies in school districts, does not apply.* The act of June 10, 1921, (Laws of 1921, p. 831,) validating school tax levies which are void because not made on or before the first Tuesday of August of any year, as required by law, does not apply to a district which made its levy after said date because it was not in existence prior thereto, as the act is intended to waive the failure of the directors to act at the proper time and not to confer authority retroactively on a school district which was not in existence at the time the taxes were required to be levied.

FARMER and THOMPSON, JJ., dissenting.

APPEAL from the County Court of Tazewell county; the Hon. CHARLES SCHAEFER, Judge, presiding.

KIRK & SHURTLEFF, for appellants.

E. E. BLACK, State's Attorney, (SMITH & SMITH, and W. A. POTTS, of counsel,) for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

Deer Creek Community High School District No. 310, in the counties of Tazewell and Woodford, was organized as the result of an election held on August 12, 1920. A board of education was elected on September 4, and on September 25 the board made a tax levy of $8000 for building purposes and $8000 for educational purposes and signed a certificate of levy which was filed in the office of the county clerk of Tazewell county, who thereupon extended the tax upon the taxable property within the district. At the June term, 1921, of the Tazewell county court, Daniel Rich and Fred Chaffer filed objections to the collector's application for judgment against their property for the tax so extended, for the reason that the levy made by the board of education on September 25 was without authority of law and void. The court overruled the objections, rendered judgment and order of sale against the property of the objectors, and they have appealed.

The law required the levy of the tax to be certified and returned to the township treasurer on or before the first Tuesday in August and to be returned by the township treasurer to the county clerk on or before the second Monday in August. These provisions have been held to be mandatory and a tax levied by a board of education after the first Tuesday of August to be void. (*People* v. *Wabash Railway Co.* 296 Ill. 518.) On May 10, 1921, "An act to legalize the organization of certain high school districts" went into effect, which, after declaring certain high school

301— 6

districts legally and validly organized, provided that all acts and proceedings theretofore done or performed by such districts and the persons from time to time elected and acting as the board of education thereof, such as were authorized to be done, had or performed by school districts or boards of education, were declared to be legal and valid in all respects; and it was also declared that whenever a board of education of any such district had levied taxes and the certificate of levy had been signed and certified to the county clerk or county clerks of the county or counties in which such school district was situate, such tax levy should be legal and valid, notwithstanding it should not have been made, filed or certified in the manner or within the time prescribed by law. (Laws of 1921, p. 797.)

The purpose of the act, as indicated by the title, was to legalize the organization of certain high school districts. The subject matter of the act was only certain districts in which attempts had been made to organize as high school districts but organization had not been accomplished because of some irregularity, defect or omission in the proceedings. Such districts the act was intended to declare corporations *de jure,* but it could not have any effect on districts legally organized which were already corporations *de jure.* When the act provides in section 4 that whenever the board of education of any such district has levied taxes and a certificate has been filed such tax levy is declared legal and valid, "such district" refers to such districts as come within the act,—that is, such districts as, though defectively organized, have been declared by the act corporations *de jure.* Section 4 attempts to make legal and valid taxes levied by such districts as are legalized by the act but has no reference to taxes attempted to be levied by corporations *de jure,* whose organization is not affected by the act. The title is, "An act to legalize the organization of certain high school districts." No one would infer from this title that the act affected the proceedings of districts whose organization was

entirely legal. If the validation of taxes attempted to be levied by such districts as the act is intended to legalize is sufficiently connected with the legalizing of their organization to be within the subject matter thus stated, the title certainly cannot be extended to include the validation of the taxes of other districts legally organized without reference to the act and not affected by the act. Deer Creek Community High School District No. 310 is not one of the districts whose organization is legalized by the act. No defect in its organization has been suggested, and the act in question has, therefore, no application to it.

On June 10 another act was passed and approved for the purpose of validating tax levies in all school districts. (Laws of 1921, p. 831.) Its title is, "An act to validate tax levies in school districts," and it provides that whenever a board of education has returned a certificate of tax levy to the township treasurer after the first Tuesday of August of any year and the township treasurer has returned the certificate to the county clerk before, on or after the second Monday of August, any such certificate of tax levy shall be considered as valid and as of the same effect as if the certificate had been returned to the township treasurer on or before the first Tuesday of August and had been returned by the township treasurer to the county clerk on or before the second Monday of August. This statute has reference to taxes levied by school districts which were authorized by law to do so, where the directors had failed to make the levy at the time fixed by law, and was intended to waive the failure of the directors to act at the proper time. It was not intended to confer authority, retroactively, on a school district which was not in existence at the time the taxes were required to be levied. The language of the act is expressive of this purpose, for it provides that the certificates mentioned, though made after the first Tuesday in August and returned after the second Monday in August, shall be as valid and effectual as if made and returned be-

fore those dates, respectively. As applied to this case the provision is that the certificate of levy made on September 25 shall be considered as valid and as of the same effect as if the certificate had been returned to the township treasurer on or before the first Tuesday of August and had been returned by the township treasurer to the county clerk on or before the second Monday of August. If this certificate had been made before the first Tuesday in August and returned before the second Monday in August it would have been of no effect, for there was then no school district in existence, and the act of the individuals who signed the certificate would have been simply void. The act declares that it shall be as valid as it would have been if made on the first Tuesday of August, and as it would have been void if made then it is therefore void now. The tax levy was not made valid by either or both of the validating acts referred to.

The judgment of the county court was therefore erroneous, and it will be reversed and judgment will be rendered here sustaining the objections of the appellants.

*Judgment reversed.*

THOMPSON and FARMER, JJ., dissenting:

In our opinion the act to validate tax levies in school districts was passed to take care of the very situation presented by this record. The act does not say the certificate of tax levy shall be as valid as if made on or before the first Tuesday in August, but it says the "certificate of tax levy shall be considered as valid and of the same effect as if the certificate had been returned" on time. This means that the certificate is validated and is given the same force and effect as if it had been returned to the proper officers, as required by the general statute.