(No. 14262.—Reversed and remanded.)

THE PEOPLE *ex rel.* T. W. Mercer, County Collector, Appellee, *vs.* THE CHICAGO, BURLINGTON AND QUINCY RAILROAD COMPANY *et al.* Appellants.

*Opinion filed December 22, 1921—Rehearing denied Feb. 10, 1922.*

TAXES—*county tax levy for State aid roads must comply with provisions of section 121 of Revenue act.* An additional county tax levy for State aid roads, made by authority of a vote of the people under section 27 of the Counties act, must comply with the provisions of section 121 of the Revenue act and the amounts for roads and bridges must be stated in separate items, as there is no reason for a distinction in this regard between an additional levy for State aid roads and the regular annual tax levy for building, improving and maintaining roads and bridges.

FARMER, J., dissenting.

APPEAL from the County Court of Bureau county; the Hon. J. R. PRICHARD, Judge, presiding.

CAIRO A. TRIMBLE, and PERRY D. TRIMBLE, (HORACE R. BROWN, CLAUDE BROWN, J. A. CONNELL, EDGAR R. HART, SIDNEY BLANC, L. M. ECKERT, and PAUL PERONA, of counsel,) for appellants.

CAREY R. JOHNSON, State's Attorney, (JOSEF T. SKINNER, and J. L. SPAULDING, of counsel,) for appellee.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

Pursuant to the provisions of a statute authorizing a system of State aid roads in the several counties of the State, Bureau county designated certain roads to form its part of said system. In order to build, improve and maintain its system of State aid roads its board of supervisors decided that it was necessary to get authority from the voters to levy an excess tax of $221,500 a year for a period

of four years, which amounted to a tax of sixty cents on each $100 valuation of all the property in said county. Resolutions were duly passed submitting to the people the question of levying the additional tax of sixty cents "for the purpose of aiding in the building, construction and maintenance of public roads and bridges in and for said Bureau county." The proposition carried and the county board levied the additional tax. The additional tax extended against the properties of appellants amounted to nearly $13,000. Appellants and many others refused to pay this tax and filed objections thereto in response to an application for judgment and order of sale against their property. The county court of Bureau county overruled the objections and entered judgment against the property of appellants and directed that it be sold.

Appellants contend, first, that the tax is void for the reason that the levy was not made in compliance with section 121 of the Revenue act, which provides that the county board shall state separately the amount levied for each purpose, it being insisted that there should have been a separate amount levied for roads and a separate amount levied for bridges. Appellee contends, first, that the levy was not made for roads and bridges but was made for the purpose of aiding in the building, improving and maintaining of a system of State aid roads; and second, that the manner of making the levy is not controlled by the provisions of section 121 of the Revenue act, for the reason that it was not the regular annual tax levy but was a levy made pursuant to the authority and direction of the voters expressed at an election held under the provisions of section 27 of the Counties act.

We do not see how it can be seriously contended that where the levy is made for the purpose of building and improving roads and bridges included in a system of State aid roads it is for one object and purpose, and at the same time be conceded that where the levy is for the purpose

of building, improving and maintaining roads and bridges not designated as State aid roads the levy is for two separate and distinct purposes. This court has made no such distinction heretofore and we are not prepared to make it now. In *People* v. *Illinois Central Railroad Co.* 266 Ill. 183, the levy was "for roads and bridges" which had been designated as a part of the State aid system in Massac county, and we held that the levy was invalid for the reason that it was not made in compliance with the provisions of section 121 of the Revenue act. In *People* v. *Jackson,* 272 Ill. 494, a levy was made for "State aid roads and bridges," and it was held that the levy was void because the amount levied for roads was not stated separately from the amount levied for bridges. Section 27 of the Counties act provides the method by which the county board may get authority to levy taxes in excess of the statutory limit of fifty cents on each $100 valuation of the property of the county. If the people vote in favor of the additional tax the county board is thereby authorized to cause such additional tax to be levied. In other words, the vote authorizing this additional tax of sixty cents gave the county board authority to cause to be levied and collected for the next four years taxes for county purposes to an amount not exceeding $1.10 on each $100 valuation. There is nothing in this section which suggests that the county board may ignore the provisions of section 121 of the Revenue act when it makes this additional levy. If the tax-payer needs the protection of the information guaranteed him under the provisions of section 121 of the Revenue act when the tax limit is fifty cents, his need for the protection is proportionately greater when the tax limit is $1.10. We must hold that the levy is a joint levy for two separate and distinct purposes, and that it is therefore void.

There are other objections urged against this additional tax, but we do not consider it necessary to decide them in view of our holding on the point already considered.

The judgment is reversed and the cause is remanded to the county court of Bureau county for further proceedings.

*Reversed and remanded.*

Mr. JUSTICE FARMER, dissenting.