(No. 14384.—Reversed and remanded.)

THE PEOPLE ex rel. Oscar Nelson, County Collector, Appellee, vs. THE CHICAGO, MILWAUKEE AND ST. PAUL RAILWAY COMPANY, Appellant.

*Opinion filed February 22, 1922—Rehearing denied April 7, 1922.*

TAXES—*the levy for State aid roads, though authorized by vote, must state the separate amounts for roads and bridges.* Although authorized by vote under section 27 of the County act, a tax for the construction of State aid roads must be levied in accordance with section 121 of the Revenue act, and the amounts to be expended for roads and for bridges must be stated separately.

FARMER, J., dissenting.

APPEAL from the County Court of Kane county; the Hon. S. N. HOOVER, Judge, presiding.

JOHN A. RUSSELL, (EDGAR R. HART, and SIDNEY F. BLANC, of counsel,) for appellant.

CHARLES L. ABBOTT, State's Attorney, and ROY R. PHILLIPS, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The county court of Kane county overruled objections of the appellant, the Chicago, Milwaukee and St. Paul Railway Company, to the application of the county collector for judgment for a delinquent tax of fifty cents on each $100 of the assessed valuation of the appellant's property in Kane county levied to aid in the construction of State aid roads, amounting to $2625.20, and rendered judgment for the tax.

At the December, 1919, meeting of the board of supervisors of Kane county a resolution was adopted reciting that whereas, at the December, 1916, meeting, a comprehensive system of State aid roads had been adopted and approved and the roads designated, as shown by a map then filed;

and whereas it was necessary to assess taxes exceeding the rate of fifty cents and also the rate of seventy-five cents for $100 assessed valuation of all the taxable property in the county; therefore the sum of $1,500,000 was appropriated to aid in the construction of such roads and bridges, which sum would be produced by an excess levy of fifty cents on each $100 of assessed valuation of all taxable property in the county for a period of five years, and the question of assessing the additional rate should be submitted to a vote of the legal voters of the county at the judicial election to be held on February 10, 1920. Notice was given and the election resulted in favor of the proposition. At the September, 1920, meeting of the board a resolution was passed reciting the previous proceedings levying an annual tax of fifty cents on each $100 assessed valuation of all taxable property in the county for the years 1920, 1921, 1922, 1923 and 1924 in addition to all other taxes for county purposes, and providing that when the tax should be collected the money should be used solely for the purpose of aiding in constructing roads and bridges as specified in the previous resolution, order and vote.

The resolution provided for an election to determine whether a tax in excess of the statutory limit should be levied to aid in the construction of roads and bridges in Kane county designated as State aid roads and as shown upon the map then filed and appearing here in the abstract. The election was held under section 27 of the act in relation to counties, which provides the method by which the county board may obtain authority to levy taxes in excess of the statutory limit of fifty cents on each $100 valuation of the property of the county. The designated State aid roads are shown upon the map, with the streams which are crossed by the roads. The levy of the tax was for the general purpose of aiding in constructing the roads and bridges specified in the previous resolution, order and vote. The questions arising from these conditions have been consid-

ered and decided, and it has been held that construing the act in relation to counties, the Road and Bridge acts and the Revenue act together, in the relation of each to the subject, if a tax is to be levied in excess of the statutory limit the county board may proceed under section 27 of the County act, and having obtained authority to levy such taxes may levy the same to aid in the construction of State aid roads, and in making such levy the county board is controlled by section 121 of the Revenue act. Section 121 covers all cases of levies by county boards for any county purpose, and requires that the county boards of the respective counties shall annually, at the September session, determine the amount of all county taxes to be raised for all purposes, and when for several purposes, the amount for each purpose shall be stated separately. The resolution levying this tax was not made in compliance with that section, as it did not designate the amount levied for roads and the amount levied for bridges, and this was made a ground of objection. The construction of roads and the construction of connecting bridges over streams are separate purposes, differing both in the nature of the work and the proportionate expense. The tax-payer requires and is entitled to the protection of the statutory provision, especially for the reason that in case of a levy of a single sum for the two purposes, unreasonable and extravagant sums may be expended in the construction of bridges to the detriment of ordinary road construction. The tax was levied without authority of law and is void. *People* v. *Illinois Central Railroad Co.* 266 Ill. 183; *People* v. *Jackson,* 272 id. 494; *People* v. *Chicago, Burlington and Quincy Railroad Co.* 301 id. 270.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Mr. JUSTICE FARMER, dissenting.