---

(No. 15140.—Judgment affirmed.)
THE PEOPLE *ex rel.* A. B. Carrithers, County Collector, Appellant, *vs.* THE CHICAGO AND ALTON RAILROAD COMPANY *et al.* Appellees.

*Opinion filed February 21, 1923.*

1. TAXES—*school taxes must be levied on or before first Tuesday in August.*  The provisions of section 190 of the School law requiring the levying of school taxes on or before the first Tuesday in August are mandatory and the failure to observe them renders the tax levies void, but failure of the school board to file the certificate of levy or of the county treasurer to return it to the county clerk on or before the second Monday of August, as required by the statute, does not vitiate the taxes.

2. SAME—*when the contention that tax objections are not sufficiently specific comes too late on appeal.*  The contention that tax objections are not sufficiently specific comes too late when raised for the first time on appeal in the Supreme Court, where the objectors would have been able to make the objections specific had the point been raised on the trial and where such amendments to the objections would not have raised other questions.

APPEAL from the County Court of Livingston county; the Hon. ROY SESLER, Judge, presiding.

ADSIT & THOMPSON, for appellant.

F. A. ORTMAN, (SILAS H. STRAWN, C. A. REINWALD, and BERTRAND WALKER, of counsel,) for appellees.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

The county court of Livingston county sustained objections of appellee the Chicago and Alton Railroad Company to the following 1921 school taxes: $142.41 in district No. 82; $1878.35 in district No. 162; $147.59 in district No. 83; $505.52 in district No. 84; $107.94 in district No. 89; $205.50 in district No. 171, all in said county. It also sustained the objections of appellee the New York Central Railroad Company to school taxes for the same year for $224.77 in district No. 171 and for $246.94 in district No. 112, in said county. The court entered separate judgments in favor of each of appellees and against appellant, Carrithers, county collector. By agreement the appeals are consolidated and are presented to this court as one cause.

The objection of the Chicago and Alton Railroad Company to the tax in district No. 82 is that the certificate of levy in that district is dated August 4, 1921, and was filed in the county clerk's office August 20, 1921, and as the levy was not made on or before the first Tuesday in August it is void. Its objections to the taxes in districts Nos. 162, 83, 89 and 171 are the same in substance, to-wit, that the certificate of levy in each of said districts was dated after the first Tuesday in August (specifically naming dates in each certificate) and was filed in the county clerk's office after the second Monday in August, (specifically giving the date of the filing of each certificate,) "which was not on or before the first Tuesday in August, and for that reason the tax is void." Its objection to the school tax in district No. 84 is in this language: "The certificate of levy in said district is dated August 6, 1921, and was filed in the office of the county clerk in said county on August 20, 1921, and for that reason said tax is void." The objection of the New York Central Railroad Company to the tax in district No. 171 is in this language: "The certificate of levy in said district is dated August 8, 1921, and was filed in the office of the county clerk on August 15, 1921, which

was not on or before the first Tuesday in August, and for that reason is void." Its objection to the tax in district No. 112 is exactly the same as its objection to the other district tax, except as to dates, the date of the certificate of levy being August 3, 1921, and the date of filing in the office of the county clerk being August 8, 1921. Both appellees also filed a general objection in this language: "Said taxes are excessive, illegal and void and levied without authority of law."

It is stipulated in the record that the appellant made a *prima facie* case in the first instance. There was then a further stipulation that, subject to the objection of appellant to the competency, relevancy or materiality of the facts stipulated, the dates of the meeting of the respective school boards to levy the taxes for the year 1921 are as follows: Districts Nos. 82 and 83, August 11, 1921; district No. 84, August 6, 1921; district No. 89, August 9, 1921; districts Nos. 112 and 162, August 3, 1921; and district No. 171, August 8, 1921. A calendar introduced in evidence showed that the first Tuesday in August, 1921, was on the 2d, and the second Monday on August 8. The proof also showed that in all of said districts the certificates of levy were filed with the county clerk after August 8, 1921, except the one for school district No. 112, which was filed August 8, 1921.

The provisions of section 190 of the School law are controlling in the matter of the levying of the school taxes and the filing of the certificate with the county clerk. That section specifically provides that the board of directors or board of education of each district shall ascertain, as near as practicable, annually, how much money must be raised by special tax for educational and for building purposes for the next ensuing year, and that such amount shall be certified and returned to the township treasurer on or before the first Tuesday in August, annually, and that the certificate shall be signed by the president and clerk or secretary and be in the form which is in said section given. The certificates in

this case were all in due form, but the levies were not made within the time required and the certificates thereof were not signed within such time. The foregoing provisions of the statute are mandatory, and the failure of the several districts to comply with the several provisions thereof rendered the tax levies void, and the court properly so held. *People* v. *Wabash Railway Co.* 296 Ill. 518; *People* v. *Rich,* 301 id. 80.

Section 190 further provides that the township treasurer shall return the certificate of levy to the county clerk on or before the second Monday of August, and that a failure of the school board to file the certificate or of the treasurer to return it to the county clerk in the time required shall not vitiate the taxes. The filing of the certificates in this case after August 8, 1921, did not in any way render void the taxes.

Appellant argues that appellees' objections are not sufficiently specific to entitle them to insist upon the objection that the taxes in question were not levied and certified within the time required by the statute, and that this court should so hold. The objections were awkwardly worded. The New York Central's objections are typical of all the other objections in the case except the objection made as to the tax in district 84. We think that the last clause in the objections, "which was not on or before the first Tuesday in August, and for that reason is void," has reference to both of the preceding clauses in that sentence, and that the word "which" has the two preceding clauses or dates for its antecedent. With this interpretation we may read the objections as if written thus: "The certificate of levy in said district is dated August 8, 1921, which was not on or before the first Tuesday in August, and for that reason is void." This makes the objection to the taxes clear that it was because the certificate of levy was not made on or before the first Tuesday in August, as required by the statute. The objection to the tax in district No. 84 is hardly

so specific. However, appellant's objection now under consideration is made for the first time in this court, and he is not in a position to insist upon such an objection. Had it been made on the trial, appellees would have been entitled to move the court to allow them to make the objections more specific, and the court would have been warranted in allowing such amendments, as the amendments would not have raised different questions from those sought to be raised by appellees. *People* v. *Chicago, Burlington and Quincy Railroad Co.* 281 Ill. 500.

The judgment of the county court is affirmed.

*Judgment affirmed.*