(No. 14907.—Reversed in part and remanded.)

THE PEOPLE ex rel. George M. Reynolds, County Collector, Appellee, vs. THE CHICAGO, BURLINGTON AND QUINCY RAILROAD COMPANY, Appellant.

*Opinion filed February 21, 1923.*

1. TAXES—*paragraph 6 of section 25 of the Counties act, as amended in 1921, is valid.*   Paragraph 6 of section 25 of the Counties act, as amended in 1921, providing an additional tax for State aid roads, is not open to the objection that it amends the statute by reference to its title only, nor does it make an unlawful discrimination against counties where such a tax has been authorized by vote of the people, but such classification is reasonable and necessary to prevent two taxes for the same purpose.

2. SAME—*additional State aid road tax need not specify separate amounts for roads and bridges.*   An additional tax levied under paragraph 6 of section 25 of the Counties act, as amended in 1921, for the single general purpose of improving, maintaining and repairing State aid roads, need not specify the separate amounts needed for roads and bridges, as is required of a levy under section 121 of the Revenue act.

3. SAME—*county tax for coal and gas fund need not be itemized.*   There is no valid objection to levying a single sum for several purposes which are embraced within some general designation giving the necessary information to the tax-payer, and a county

306—34

tax item designated as a coal and gas fund is equivalent to an item for heat and light and need not state separately the amounts for coal and the gas.

4. SAME—*when an item for miscellaneous claims is not excessive.* It is not unlawful for a county to levy a comparatively small amount to meet contingencies not anticipated, and an item of $8000 as a miscellaneous claims fund is not excessive where the total levy is for $300,000.

5. SAME—*items for a mothers' pension fund and for probation officers must be separated.* Items of a county tax levy for a mothers' pension fund and for probation officers for the same, as provided in section 14 of the Mothers' Pension act, should state separately the amounts for pensions and for probation officers, as the tax for mothers' pensions is not to be scaled but preserved in its integrity for the beneficiaries, and it cannot be depleted for paying officers.

APPEAL from the County Court of LaSalle county; the Hon. HARRY RECK, Judge, presiding.

J. A. CONNELL, R. S. OUTLAW, EDGAR R. HART, and BOYS, OSBORN & GRIGGS, (E. M. GRIGGS, of counsel,) for appellant.

ELMER E. ROBERTS, and H. M. KELLY, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

On the application of the county collector to the county court of LaSalle county for judgment and order of sale for taxes levied by the county board at its special meeting in 1921, the appellant, the Chicago, Burlington and Quincy Railroad Company, objected to five items of such taxes. The court sustained an objection to the court house and jail fund for installing new furniture and fund for dieting prisoners, stated in a single item of $11,000, and overruled the objections to the other items.

There was a levy of fifteen cents on each $100 assessed valuation of property for a county highway tax fund for improving, maintaining and repairing State aid roads un-

der the sixth paragraph of section 25 of the act of 1921, (Laws of 1921, p. 385,) purporting to authorize such tax unless additional taxes above the fifty cent rate have been authorized by a vote of the people of the county. The objections filed were that the act was unconstitutional because it attempted to amend the act to revise the law in relation to counties by reference to its title, only; that it discriminated against counties which had voted an additional tax for the same purpose and did not indicate how much of the levy was for roads and how much for bridges. Section 25 as amended is inserted at length in the amendatory act, and the amendment was not by reference to the title, only. The sixth paragraph does not discriminate as between counties or as against counties where the people have voted an additional tax. There is a natural and proper distinction between counties where provision has been made by a vote of the people for the designated purpose and counties where no such provision has been made, authorizing and requiring the classification as necessary to prevent two taxes for the same purpose. (*People* v. *New York Central Railroad Co.* 305 Ill. 434.) The tax was for the single general purpose of improving, maintaining and repairing State aid roads wherever an expenditure for that purpose might be required. It is different from the levy of a tax to build roads and bridges, where, as a matter of fact, an unreasonable proportion of a fund might be used for one or a few bridges, to the detriment of road construction, and the tax-payer needs the protection of the information guaranteed to him under section 121 of the Revenue act, as decided in *People* v. *Chicago, Burlington and Quincy Railroad Co.* 301 Ill. 270.

Another item of the taxes was designated as coal and gas fund, $18,000, and the objection was that the several amounts for coal and for gas were not stated separately. There is no valid objection to levying a single sum for several purposes which are embraced within some general des-

ignation giving the necessary information to the tax-payer. (*People* v. *Illinois Central Railroad Co.* 271 Ill. 236; *People* v. *Chicago and Alton Railroad Co.* 273 id. 452; *People* v. *Clark,* 296 id. 46.) This levy was equivalent to a levy for heat and light. Coal is used for heat, and gas for either heat or light, or both, and the items were, for general purposes, of practically the same character. The court did not err in overruling that objection.

There was a levy of $8000 for miscellaneous claim fund, being for various expenses not otherwise covered by any specific appropriations. There may be occasional unforeseen contingencies involving expense which must be met and which cannot be classified. It is therefore not unlawful to levy a comparatively small amount to meet contingencies not anticipated which may arise. (*People* v. *Chicago, Burlington and Quincy Railroad Co.* 253 Ill. 100.) The total levy in this case was for $300,000 and the appropriation in question for a trifling sum in comparison. It was not error to sustain the tax.

The remaining item was for mothers' pension fund and probation officers for same, $23,000. Section 14 of the. Mothers' Pension act (Laws of 1913, p. 127,) provides for the appointment of probation officers by the court, and they are to be paid a suitable compensation by the county for the services, the amount thereof to be determined by the county board. The objection to this tax was that the amount for pensions and the amount for probation officers were not stated separately. The tax for mothers' pensions is a county tax not to be scaled and to be preserved in its integrity for the beneficiaries. It cannot be depleted or any part of it expended in paying officers, which is a separate purpose for the benefit of a separate and different class.

The judgment is affirmed except as to the item of $23,000 for mothers' pensions and paying officers, and as to that item it is reversed and the cause is remanded.

*Reversed in part and remanded.*