(No. 15612.—Reversed in part.)

THE PEOPLE *ex rel.* D. D. Ricker, County Collector, Appellee, *vs.* THE CHICAGO, MILWAUKEE AND ST. PAUL RAILWAY COMPANY, Appellant.

*Opinion filed December 19, 1923—Rehearing denied Feb. 7, 1924.*

1. TAXES—*resolution for submitting proposition for additional road tax need not state separate amounts for roads and bridges.* A resolution adopted by a county board submitting to the people the question of levying an additional tax for the construction and maintenance of State aid roads in the county need not state how much of the additional tax is to be used for the construction and maintenance of roads and how much for bridges, but a general designation of the purpose of the tax is sufficient.

2. SAME—*statutory and constitutional limits cannot be extended except by vote.* The authority of the county board to levy taxes is limited by the constitution and by statute, and this limit cannot be extended except by the authorization by the voters of an additional tax for a specified purpose for a specified period.

3. SAME—*vote authorizing an additional tax does not constitute a levy.* A favorable vote on the proposition to authorize the county board to levy an additional tax does not levy the tax but merely

authorizes a levy in addition to taxes otherwise authorized by law, and the county board must adopt a resolution making a levy of the tax, in which resolution the several purposes for which the taxes are levied must be designated.

4. SAME—*in levying an authorized additional road tax county board must specify the amounts for different purposes each year.* Where the voters have authorized the county board to extend an additional annual tax of a certain amount against the taxable property in the county for the purpose of improving State aid roads, the county board must specify each year the amount of tax that is to be used for the construction of roads and the amount that is to be used for the construction of bridges.

5. SAME—*tax levied by the school board after first Tuesday in August is void—validating act.* The action of the board of school directors in ascertaining the amount necessary to be raised by special tax for educational and building purposes for the ensuing year constitutes the levy of the tax and must take place at a meeting on or before the first Tuesday in August or the tax will be void; and the validating act of 1923 does not validate such a tax, as it applies only where the levy is made in time but the certificate of levy is not made, dated and certified within the required time.

APPEAL from the County Court of Kane county; the Hon. S. N. HOOVER, Judge, presiding.

JOHN A. RUSSELL, (EDGAR R. HART, SIDNEY F. BLANC, and GLENN T. JOHNSON, of counsel,) for appellant.

CHAS. L. ABBOTT, State's Attorney, and ROY R. PHILLIPS, for appellee.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

Pursuant to the provisions of a statute authorizing a system of State aid roads in the several counties of the State, Kane county designated certain roads to form its part of said system. In order to build, improve and maintain its system of State aid roads its board of supervisors decided that it was necessary to procure authority from the voters to levy an excess tax of $300,000 a year for a period of five years, which amounted to an annual tax of fifty cents on each $100 assessed valuation of all property in the

county. Resolutions submitting to the people the question of levying the additional tax of fifty cents for the purpose of aiding in the construction of roads and bridges in the county were duly passed. The proposition carried and the county board levied the additional tax. Appellant filed objections to the additional tax for 1923 extended against its property, in response to an application for judgment and order of sale. These objections were overruled, judgment was entered against the property of appellant, and it appealed.

At the September, 1920, meeting, the board of supervisors adopted a resolution levying a tax of $300,000 against all taxable property in the county, "to aid in the construction of roads and bridges in Kane county." This court sustained objections to this levy for the reason that it was not made in conformity with the requirements of section 121 of the Revenue act. (*People* v. *Chicago, Milwaukee and St. Paul Railway Co.* 302 Ill. 347.) At its September meeting in 1922 the board of supervisors of Kane county adopted a resolution which in effect directed the county clerk to extend against all the taxable property in Kane county a tax at the rate of forty-nine cents on each $100 assessed valuation for roads and at the rate of one cent for bridges.

Appellant contends that the resolution adopted at the December meeting in 1919, submitting to the people the question of levying the additional tax for the construction and maintenance of State aid roads in Kane county, is void, for the reason that this resolution should have stated how much of the additional tax was to be used for the construction and maintenance of roads and how much for bridges. This contention cannot be sustained. Section 27 of the Counties act provides that whenever the county board shall deem it necessary to assess taxes in excess of those otherwise authorized by law it may submit the proposition to the voters of the county by adopting a resolution setting forth substantially the amount of the excess tax required, the purpose for which the same will be required and the

number of years such excess will be required to be levied. The resolution adopted by the county board of Kane county conformed to these requirements. The purpose for which the additional tax was required was stated to be "the construction of roads and bridges" theretofore designated as State aid roads in Kane county. A map indicating such roads was on file in the office of the county clerk and in the office of the State highway commission. Reading the entire resolution, it is clear that the additional tax was to be levied for the purpose of improving this entire system. This general designation of the purpose was sufficiently specific in the resolution calling the election. After the voters of the county authorized the county board to levy the additional tax for the general purpose of improving the State aid roads of the county the tax-payers had the protection of section 121 of the Revenue act, because the additional tax could not be extended or collected until the annual tax levy had been made.

Section 121 of the Revenue act provides that the county board shall annually, at its September session, determine the amount of all county taxes to be raised for all purposes, and that when the levy is for several purposes the amount for each purpose shall be stated separately. The authority of the county board to levy taxes is limited by the constitution and by statute, and the only way this limit can be extended is by the authorization by the voters of an additional tax for a specified purpose for a specified period. A favorable vote on the proposition to authorize the board to levy an additional tax does not levy the tax. It simply authorizes the county board to levy a tax in addition to taxes otherwise authorized by law. The board must adopt a resolution making the tax levy, (*Chicago and Eastern Illinois Railroad Co.* v. *People,* 218 Ill. 463,) and it is this tax levy resolution that must designate the several purposes for which the taxes are levied. (*People* v. *Chicago, Burlington and Quincy Railroad Co.* 301 Ill. 270.) The fact that the county

board in 1920 and in 1921 failed to conform to the requirements of section 121 of the Revenue act has no bearing on the question of whether the 1922 levy is valid. The voters have authorized the county board to extend an additional annual tax of $300,000 against the taxable property in Kane county for the purpose of improving the roads designated as State aid roads, and the county board must specify each year the amount of tax that is to be used for the construction of roads and the amount that is to be used for the construction of bridges. As different sections of road are to be built each year these amounts will probably vary. If any tax-payer feels that the county board is not making a proper division of the additional tax he has the opportunity to appear before the board and present his views. The 1922 tax levy, while irregular in form, met the requirements of the statute and was properly sustained.

Appellant also objects to the tax extended against its property by school district No. 39. It is stipulated that the annual tax levy was made by the board of directors at a meeting held August 7, 1922, which was after the first Tuesday in August. This court has held repeatedly that a tax levied by a school board after the first Tuesday in August is void. (*People* v. *Rich,* 301 Ill. 80; *People* v. *Chicago and Alton Railroad Co.* 306 id. 525.) Appellee contends, however, that this tax is legalized by an act which provides that "wherever, before the passage and approval of this act, a board of directors or a board of education of a school district has returned its certificate of tax levy to the township treasurer after the first Tuesday of August of any year and the township treasurer has returned the certificate to the county clerk before, on or after the second Monday of August, any such certificate of tax levy shall be considered valid and of the same effect as if the certificate had been returned to the township treasurer on or before the first Tuesday of August and had been returned by the township treasurer to the county clerk on or before the second Mon-

day of August." (Laws of 1923, p. 612.) This act does not meet the situation presented here. If the board of directors had met and made the tax levy as the statute directs it to do but had failed to return the certificate within the time required, the situation presented under those circumstances would be the situation covered by the act quoted. Provision is made in section 190 of the School law for the situation covered by the act quoted, so the act of 1923 adds nothing to the laws that already existed. In this case it is stipulated that the meeting at which the tax was levied was not held before the first Tuesday in August, and so there was no valid levy made. It is the action of the board of directors in ascertaining the amount necessary to be raised by special tax for educational and building purposes for the ensuing year in a school district which constitutes the levy of the tax, and the certificate of the tax levy is merely evidence of such action, upon which the county clerk is authorized to act in the extension of the tax. (*People* v. *Cox*, 301 Ill. 130.) The act on which appellee relies does not purport to validate a tax levy where the levy was not made at a meeting held before the first Tuesday in August. There is nothing said in *People* v. *Illinois Central Railroad Co.* 301 Ill. 288, in conflict with this holding. It does not appear from the published opinion that the levy was not actually made prior to the first Tuesday in August. The record in that case only shows that the certificates were not made, dated and certified until after the time designated in section 190 of the School law, and it was properly held that such neglect did not vitiate the assessment. This record shows that the tax levy is void because it was made at a meeting held after the first Tuesday in August, and the validating act does not purport to cure this defect. The objection to the school tax should have been sustained.

The judgment is reversed as to the school tax and affirmed as to the special county road tax.

*Reversed in part.*