THE PEOPLE *ex rel.* Phosa L. Williams, County Collector, Appellee, *vs.* THE WABASH RAILWAY COMPANY, Appellant.

*Opinion filed June 22, 1927—Rehearing denied October 11, 1927.*

1. TAXES—*a school tax is valid if levied in required time although certificate is not made and signed until afterward.* The action of the school board in ascertaining the amount necessary to be raised by special tax for educational and building purposes for the ensuing year constitutes the levy of the tax and the certificate is merely the evidence upon which the county clerk extends the tax, and the tax is valid if the action of the board is taken on or before the first Tuesday in August, as required by statute, though the certificate is not made until later. (*People* v. *Chicago and Alton Railroad Co.* 306 Ill. 525, distinguished.)

2. STATUTES—*statute should be construed to give effect to intention.* The object in construing a statute is to ascertain and give effect to the intention of the legislature.

APPEAL from the County Court of Pike county; the Hon. MARK BRADBURN, Judge, presiding.

WILLIAMS & WILLIAMS, for appellant.

EDWIN JOHNSTON, State's Attorney, (PAUL F. GROTE, of counsel,) for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

The county collector of Pike county applied for judgment and order of sale against property of the Wabash Railway Company for delinquent school tax alleged to be due from appellant. The sum of $882.86 was levied as school taxes against appellant for district No. 157. The railway company objected to judgment and order of sale on the ground that the tax was illegal and void. The objection as filed was: "The levy of school tax for school district No. 157 was not made on or before the first Tuesday in August, 1925, and for that reason the tax extended on such levy against the property of this objector in the

sum of $882.86 is void and uncollectible." The county court overruled the objection, rendered judgment for the tax, and the railway company has appealed.

Section 190 of the School law as it has existed since 1909 requires the board of directors of each district to ascertain how much money must be raised by special tax for educational and building purposes for the ensuing year. Such amount shall be certified and returned to the township treasurer on or before the first Tuesday in August, annually. The certificate is required to be signed by the president and clerk or secretary of the board, and the form of certificate is set out in the statute. The township treasurer shall return the certificate to the county clerk on or before the second Monday in August. The last paragraph of the section reads: "A failure by the school board to file the certificate, or of the treasurer to return it to the county clerk in the time required, shall not vitiate the assessment." The first Tuesday in August, 1925, was the fourth day of the month. The board of directors determined the amount of tax required to be levied upon property in the district for school purposes on August 3. The certificate of the levy signed by the president and clerk of the board was dated August 7, 1925, and the proof shows it was made out the day it was signed. The certificate was on that day filed with the township treasurer, on August 10 he filed it with the county clerk, and upon that certificate the tax was extended against appellant's property.

Appellant contends the certificate was not made and certified within the time required by the statute. The certificate was filed with the township treasurer the day it is dated and with the county clerk on August 10. Appellant's position is that the statute requires that the president and clerk shall certify the amount determined by the board necessary to be raised on or before the first Tuesday in August or the tax will be void; that ascertaining the amount required and making the certificate by the president and clerk are

mandatory. It is admitted that failing to file the certificate with the township treasurer or with the county clerk within the time fixed by statute does not vitiate the tax. The objection, therefore, to the validity of the tax is that the certificate was not written up and signed until the seventh day of August, which was after the first Tuesday. The proof shows the board determined the amount of tax required before the first Tuesday in August; that the certificate was made by the proper officers of the board but was not written out and signed before the first Tuesday in August. All other steps required for a valid tax levy were taken, and if the certificate had been written out and signed at the time the board determined the amount necessary to be raised there could have been no objection whatever to the validity of the tax.

Appellant refers to *People* v. *Chicago and Alton Railroad Co.* 306 Ill. 525, as deciding a tax is invalid where the certificate is not made and signed before the first Tuesday in August. In that case the taxes of several school districts were objected to. The court said in the opinion that the objections were that in four school districts named the certificate of levy in each district was dated after the first Tuesday in August and filed in the county clerk's office after the second Monday in August, and for that reason the tax was void. A calendar introduced in evidence showed the first Tuesday in August, 1921, was the second day of the month, and the second Monday was the eighth day of the month. The certificates were filed with the county clerk after August 8. The court said section 190 of the School law was controlling in the matter of levying school taxes "and filing the certificate with the county clerk." The court then points out the provisions of section 190 and says the certificates were in due form, "but the levies were not made within the time required and the certificates thereof were not signed within such time." The court said the provisions of the statute were mandatory

and a failure of the school district to comply with them rendered the tax levies .void, but that the filing of the certificate with the county clerk after August 8 did not render the tax void. It does not appear clearly from the opinion that the amount required was determined by the board before the first Tuesday in August. The objection filed was ambiguous, and the court referred to the uncertainty of the wording of the objection and said the words should be interpreted to read that the certificate of levy was dated August 8, which was not on or before the first Tuesday and for that reason is void. Of course, if no amount had been ascertained and determined before the first Tuesday a different question would be presented, and we do not think that decision can be said to have decided the question here presented.

*People* v. *Wabash Railway Co.* 296 Ill. 518, is also relied upon by appellant. In that case the school districts were not organized prior to the first Tuesday in August, and the tax was levied and certificate filed in December and January following the organization of the districts and election of the members of the boards. The objection to the validity of the taxes was that the levies were not made and certificates filed within the time required by statute. The court held "that the action of the board of education fixing the tax must be taken before the first Tuesday in August," and that if the action of the board could be taken at any time within the year there would be no order or regularity in assessing taxes.

*People* v. *Rich,* 301 Ill. 80, cited by appellant, considered a tax levy made by a board of education on September 25. The court said the law required the levy of the tax to be certified and returned to the town treasurer on or before the first Tuesday in August and to the county clerk on or before the second Monday in August. The only question as to the validity of the tax in that case was that it was not levied until September 25, and the court held

that a tax levied by a board of education after the first Tuesday in August was void.

The questions involved in and determined by those cases seem to have been correctly determined, but we do not understand the decision of any of the questions there involved was a determination in favor of the appellant's contention. It is probably true that in some of the opinions language will be found apparently supporting appellant's contention, but it seems evident the court did not have in mind and was not determining that where the amount required to be raised has been ascertained by the board on or before the first Tuesday in August the levy will be void unless the certificate is also made out and signed by the president and secretary on or before the first Tuesday. The action of the board in ascertaining the amount necessary to be raised by special tax for educational and building purposes for the ensuing year constituted the levy, and the certificate is merely evidence of such action upon which the county clerk is authorized to extend the tax. (*People* v. *Chicago, Milwaukee and St. Paul Railway Co.* 310 Ill. 508; *People* v. *Chicago, Milwaukee and St. Paul Railway Co.* 312 id. 218; *People* v. *Cox,* 301 id. 130.) In the case last cited the court said it was not necessary that the record of the board should show the president and secretary were authorized or directed to make and sign the certificate and that it was not necessary that the certificate be made and signed in the presence of the board. The action of the president and the clerk in making and signing the certificate is the official authentication of the acts of the board which the statute imposed upon them the duty of making. It is probable that in some of the cases which are relied on by appellant the court did not have in mind the distinction between the levy and the authentication of it, and some language may have been used from which the inference might be drawn that the certificate of the levy was the levy. We have seen that the action of the board in ascertaining the amount required is

the levy, and the statute requires that to be made on or before the first Tuesday in August.  After the levy is made the certificate of it shall be made and signed by the president and clerk or secretary and returned to the township treasurer.  The requirement is that the return to the township treasurer of the certificate of the amount and levy shall be on or before the first Tuesday in August, but the statute expressly provides that "a failure by the school board to file the certificate, or of the treasurer to return it to the county clerk in the time required, shall not vitiate the assessment."  (Smith's Stat. 1925, chap. 122, sec. 190.)  The requirement to make the levy on or before the first Tuesday in August is mandatory, and a levy not so made will be void.  The failure to file the certificate of the levy with the township treasurer or the county clerk does not vitiate the assessment, and it would seem necessarily to follow that the failure to actually write out and sign the certificate on or before the first Tuesday will not vitiate the assessment.  There is nothing the tax-payers can do after the amount necessary to be raised is ascertained by the board before the certificate is written out and signed.  Everything necessary to be determined by the board for a valid levy was done August 3, and it only remained for the president and clerk of the board to authenticate the board's action by making and signing the certificate.  If it was not essential to the validity of the assessment that the certificate be filed with the township treasurer and the county clerk within the time specified by the statute, we cannot see how it was essential to the validity of the assessment that the certificate be written out and signed on or before the first Tuesday in August.  It is not contended the certificate was in any respect false and insufficient except as to the date it was made and signed.  It correctly authenticates the tax levy.  The board did do what the president and clerk certified to, and the fact that they did not write out and sign the certificate until August 7 could not and did not injure

or prejudice any tax-payer. If the certificate had been made and signed August 3 but not filed till August 7 with the township treasurer and August 10 with the county clerk, the failure to file the certificate before that time by the express provision of the statute would not vitiate the assessment. We can see no reason for construing the statute to be mandatory in requiring the certificate to be made and signed before the first Tuesday in August. The provision of the statute is that the amount required to be raised by the board shall be certified and returned to the township treasurer on or before the first Tuesday in August, and the provision that a failure to return it to the treasurer before that date is not mandatory and does not vitiate the assessment, and there is no reason that we can see why the failure to sign the certificate before that day should vitiate the assessment. The object in construing a statute is to give effect to the intention of the legislature. (*Smith* v. *Logan County,* 284 Ill. 163; *Cohen* v. *Cohen,* 287 id. 269; *Perry County* v. *Jefferson County,* 94 id. 214; *People* v. *Flynn,* 265 id. 414; Lewis' Sutherland on Stat. Const.— 2d ed.—secs. 363, 364.) The failure to actually write out and sign the certificate by the president and clerk of the board on or before the first Tuesday in August does not affect the substantial justice of the tax, and the legislature could not have intended that it should vitiate the assessment any more than that the assessment should be vitiated by not filing the certificate with the township treasurer and the county clerk on or before the time specified in the statute for filing it.

The judgment is affirmed.    *Judgment affirmed.*