(No. 30925.—

THE PEOPLE *ex rel.* Emma Williams, County Collector, Appellant, *vs.* THE WABASH RAILROAD COMPANY, Appellee.

*Opinion filed March 24, 1949.*

PRESTON W. KIMBALL, State's Attorney, of Carthage, (SAMUEL J. NAYLOR, of Carthage, of counsel,) for appellant.

JOHN W. WILLIAMS, and HOMER H. WILLIAMS, both of Carthage, and JOSEPH H. MILLER, and JOSEPH A. McCLAIN, JR., both of St. Louis, Mo., for appellee.

Mr. JUSTICE DAILY delivered the opinion of the court:

The county collector has appealed from a judgment of the county court of Hancock County sustaining certain objections to the collector's application for judgment and order of sale for 1946 delinquent taxes. Appellee, The Wabash Railroad Company, a corporation, paid the taxes under protest, and, in accordance with section 194 of the Revenue Act, (Ill. Rev. Stat. 1945, chap. 120, par. 675,) filed objections asking a refund of the taxes alleged to have been illegally collected.

The first objection of appellee concerns the levy of School District No. 125, which, when applied to appellee's property, produced a tax of $260.30, all of which is objected to. The stipulated facts were that the fiscal year of School District No. 125 began on July 1, 1946, and ended on June 30, 1947; that said district made its tax levy for the year 1946 on May 1, 1946; and that a certificate of said levy was filed with the county clerk on September 25, 1946. Appellee objected to the levy on the ground that it was made prior to the commencement of the fiscal year of the district and was therefore illegal and void, contending that "it is a fundamental principle of taxation that levies should be made annually within the fiscal year." Appellant contended that the fact that the levy was made prior to the next ensuing fiscal year was of no consequence under the terms and proper construction of the controlling statute. The county court, however, sustained the objection.

The statute under which School District No. 125 acted was section 17-9 of the School Code, (Ill. Rev. Stat. 1945, chap. 122, par. 17-9,) which provides in part: "The school board of each district shall ascertain, as near as practicable, annually, how much money must be raised by special tax for educational and for building purposes for the next ensuing year. Such amounts shall be certified and returned to the township treasurer on or before the last Tuesday in September, annually. The certificate shall be signed by

the president and clerk or secretary, and may be in the following form: * * * The township treasurer shall return the certificate to the county clerk on or before the first Tuesday in October." In the present case the school district made its levy May 1, 1946, and the certificate was returned to the county clerk September 25, 1946.

Under the provision of the School Law as it existed before the above-quoted section was passed, school districts were required to make the levy and return the certificate to the township treasurer on or before the first Tuesday in August of each year and the treasurer was to return the certificate to the county clerk on on before the second Monday in the month of August. (Hurd's Rev. Stat. 1903, chap. 122, par. 203.) We held on numerous occasions that levies by school districts after the first Tuesday in August were void. (*People ex rel. Chamberlain* v. *Chicago, Burlington & Quincy Railroad Co.* 383 Ill. 212; *People ex rel. Williams* v. *Wabash Railway Co.* 326 Ill. 566; *People ex rel. Stevenson* v. *Chicago, Milwaukee and St. Paul Railway Co.* 313 Ill. 249; *People ex rel. Mann* v. *Chicago, Milwaukee and St. Paul Railway Co.* 312 Ill. 218.) Applying the doctrine of these cases to the present act it is probable that levies made after the last Tuesday in September would also be void. We have not, however, been previously confronted with the situation here presented, where the levy is claimed to be void because it was made prior to the time provided by statute.

Appellee contends that when the legislature stated the school board should annually ascertain the amount of money to be raised by special tax for educational and building purposes "for the next ensuing year" it intended that the next ensuing year be a fiscal year starting on July 1 of each year. They infer this to be so from the provisions of section 5-15 of the School Code, (Ill. Rev. Stat. 1945, chap. 122, par. 5-15,) by which the township treasurer is required annually, on July 15, to submit a

financial report for each school district to the officials of such district. Appellee urges that without such report school districts do not have sufficient information to make a proper levy. If this contention be true, it follows that the only proper time for the making of a levy would be between July 15 and the last Tuesday in September of each year. We do not believe that the statutes must be so construed, or that the legislature so intended. The statute under which School District No. 125 acted in this case is substantially the same as was involved in *People* v. *Miller,* 339 Ill. 573, except, as previously pointed out, the last day for making the levy under the old statute was the first Tuesday in August. In that case we had under consideration the meaning of the words "the next ensuing year." We stated, at pages 593-594: "The year is not expressly defined in the statute, but the time when the amounts to be raised must be ascertained and certified to the township treasurer is definitely fixed as the first Tuesday in August, and the year is necessarily fixed by the declaration that it is the year ensuing the levy of the tax. The power of the school board, as well as its duty, being only in each year to ascertain, as near as practicable, how much money must be raised by special tax for the purposes stated for the next ensuing year, when it has made the levy and has filed the certificate of the amounts required for the year it can refer to no other year than that to which its power and duty extend,— that is, for the year ensuing the making of the levy. * * * The certificates bear the dates July 31, 1926, and June 25, 1927. These dates fix the year for which the amounts ascertained would be raised."

Appellee contends that the *Miller case* is not applicable in this case because the objection there did not raise the question that the certificate of levy was made in advance of the year for which the levy was required. It is pointed out that in the *Miller case* the levy purported to be for the year 1926 and the certificate was dated July 31, 1926, and

that in the present case the record shows the levy was for the fiscal year of July 1, 1946, to June 30, 1947. Such contention is not borne out by the record before us, for the stipulated facts clearly state that the levy made by School District No. 125 on May 1, 1946, was for the year 1946. The words "ensuing year," standing by themselves, do not mean the ensuing fiscal year as appellee asserts, but mean only the year following the date of the levy.

Nor do we feel that the requirement of section 5-15 that the township treasurer submit a financial report for each school district on July 15 of each year creates an inference or shows a legislative intent that the levy must be made for and within the school fiscal year ensuing after July 15. In the first place, there is no mandatory provision that all school districts adopt a fiscal year which would start between July 15 and the last Tuesday in September, which would be necessary if appellee's contentions were true. Secondly, section 5-15 of the School Code (Ill. Rev. Stat. 1945, chap. 122, par. 5-15,) also provides that the township treasurer submit a financial report to school districts, annually, within two days after the first Monday in April. Thus School District No. 125 was thereby apprised of its true financial condition and able to determine its needs when it made its levy on May 1, 1946. It is commonly known that many schools, particularly in rural districts, have a closing date in early May, at which time rehire of teachers, possible construction, and the relation of those factors to expenses for the next year must be considered. It is reasonable to assume that the legislature had such schools in mind when it provided for a financial report early in April. This being so, we do not believe that it was the intention of the legislature to limit levies under section 17-9 of the School Code to the period between July 15 and the last Tuesday in September. Had they desired levies to be made only for a fiscal year, we presume they would have so stated. The levy here was

made for the year 1946 and the tax certificate bears the date May 1, 1946. As stated in the *Miller case:* "These dates fix the year for which the amounts ascertained would be raised." The levy is not susceptible to appellee's objection that it was made in advance of the year for which the levy was required. The county court erred in sustaining this objection.

The other objection to be considered here is made to a levy of School District No. 212, which, when extended and applied to property of appellee, produced a tax of $310.07, all of which is claimed to be void. The facts relating to this objection show that in the year 1946 School District No. 212 levied $1500 for educational purposes; that a certificate of said levy dated September 10, 1946, was filed with the county clerk on September 20, 1946. The certificate of levy, although filed in apt time, was not signed by the president of the district but only by one Powell, the clerk of the district. Section 17-9 of the School Code, pertaining to such certificates of levy, requires that they be signed by the president and the clerk or secretary of the school district. It is shown that although the president of district No. 212, one Flack, was present in the district from September 10 to 20, the certificate was not presented to him for signature, although the clerk did make one unsuccessful visit to the president's house for that purpose. Flack left the district and State on September 20 to visit relatives, and the clerk filed the certificate without his signature, as related above. Appellee entered an objection, which the county court sustained, that the levy was void due to the president's failure to sign the certificate.

At the time of the hearing on said objection Flack appeared as a witness and stated that he was willing to then sign the aforesaid certificate of levy for 1946 as president, and would certify that the district did levy $1500 for educational purposes. On cross-examination he ad-

mitted that he was no longer president of the district. A motion by appellant that Flack be given leave to sign the certificate, and that the certificate be considered as having been made on September 20, 1946, was denied by the court.

In construing section 17-9 of the School Code and the statutory provisions it succeeded, this court has held that the certificate of levy executed by officers of a school district is not the tax levy, but only evidence of it. The action of the school board in ascertaining the amount necessary to be raised by special tax for educational and building purposes for the ensuing year, constitutes the levy of the tax. (*People* v. *Wabash Railway Co.* 326 Ill. 566; *People ex rel. Coffman* v. *Illinois Central Railroad Co.* 314 Ill. 339; *People ex rel. Pearsall* v. *Chicago, Milwaukee and St. Paul Railway Co.* 310 Ill. 428.) It is admitted by the stipulated facts in this case that School District No. 212 made its levy for the year 1946. It is only the certificate evidencing such action of the board which does not meet the standards required by the statute. Section 17-9 itself provides that: "A failure by the school board to file the certificate, or of the treasurer to return it to the county clerk in the time required, shall not vitiate the assessment." Here a certificate was filed but it was not signed by one of the proper parties. Could it be said that the failure of the president to sign the certificate filed would vitiate the tax, whereas it would not have been void if there was an untimely failure to file a certificate? We think not. In addition, section 236 of the Revenue Act (Ill. Rev. Stat. 1945, chap. 120, par. 717,) provides: "* * * no error or informality of any officer or officers in making any tax levy or in certifying or filing the same not affecting the substantial justice of the levy itself, shall vitiate or in any manner avoid the levy or affect the tax." The section further provides that in all judicial proceedings, such error or informality in the levy, certification, or filing can be corrected by amendment by the proper officer, made prior

to the entry of any order of court affecting the levy or the collection of taxes thereon, and shall, on proof of such amendments having been made, have the same force and effect as though originally adopted, published and certified in the amended form.

We are of the opinion that the failure of the president of the board to sign the certificate before it was filed is, in this instance, an informality that may be corrected under the authority of section 236 of the Revenue Act. The irregularity of the certificate does not affect the substantial justice of the tax, and could not, as appellee contends, render void the levy which it evidences. To repeat what we stated above, the certificate is not the levy of the tax, but only the evidence of it. Appellee urges that the case of *People v. Chicago, Burlington & Quincy Railroad Co.* 383 Ill. 212, is an authority supporting its contention that the uncompleted certificate rendered invalid the levy by School District No. 212. In that case a levy was made by a school district which was located partly in Rock Island County and partly in Whiteside County. A certificate of levy was filed in apt time in Rock Island County but none was filed in Whiteside County. Despite this the clerk of the latter county extended the tax. The objection made was that the failure to file the certificate gave the county clerk no authority to extend the tax. We held that section 190 of the School Law (Ill. Rev. Stat. 1941, chap. 122, par. 213,) meant that the failure to file the certificate in the time fixed by statute will not vitiate the assessment, but could not be given the meaning of sustaining an assessment extended by a county clerk where there is no certificate on file in his office when the tax was extended. In the present case a certificate was on file and the objection goes to the validity of the levy rather than to the authority of the county clerk to extend the tax. The same is true of *People ex rel. Schmulbach* v. *Illinois Central Railroad*

*Co.* 400 Ill. 303, and *People ex rel. Wangelin* v. *Pitcairn,* 371 Ill. 616, cited by appellee.

In urging that the adding of the president's signature to the certificate is not such an amendment as may be made under section 236 of the Revenue Act, appellee relies on *People ex rel. Schlaeger* v. *Buena Vista Building Corp.* 396 Ill. 164, and *People ex rel. Preisel* v. *New York Central Railroad Co.* 375 Ill. 574. We do not see that either case is applicable here. In the *Buena Vista case* we held that a school board could not validate its levy by amending its budget, which amendment changed the amount appropriated and amount receivable. Such an amendment was not the correction of an informality or clerical error, but clearly one affecting the substantial justice of the tax itself, and we held such an amendment was not permissible. The amendment in the present case does not affect the substantial justice of the tax. In the *New York Central Railroad case,* a highway commissioner determined the amount necessary to be levied, then filed a certificate of levy with the county clerk, to which he failed to affix his signature. We held that he could not subsequently, on the hearing of the tax objections, amend the certificate by affixing his signature. The basis for such holding was that the statute involved required the commissioner to present his completed certificate of levy to the county board for approval before the levy was valid. The levy was invalid until approved by the county board, and to have allowed the commissioner to sign the certificate and to have held it valid, would have by-passed one of the matters essential as a basis for the levy, *i.e.,* the approval of the county board. Such is not the case here.

No other board or agency is required to pass upon the school district's certificate in order to validate its levy. The levy is complete when made by the school district, and thus to allow the certificate, which is only evidence of

the levy, to be amended at the hearing on objections, does not add, or have the effect of avoiding, matters or steps essential as a basis for the levy of the tax. The objection here was to an irregularity and informality in the certificate which evidenced the levy. To allow the amendment could not affect the substantial justice of the tax. It was error to deny appellant's motion to amend the certificate, and further erroneous to hold that the irregularity of the certificate rendered the levy itself invalid.

For the reasons assigned, the judgment of the county court sustaining the two objections is reversed, and the cause remanded with directions to proceed in conformity with the views herein expressed.

*Reversed and remanded, with directions.*