(No. 49475.

BOARD OF EDUCATION OF COMMUNITY UNIT SCHOOL DISTRICT NO. 16, Appellant, v. JEAN-ETTE BARRETT, County Clerk, *et al.,* Appellees.

*Opinion filed June 8, 1977.*

Dunn, Brady, Goebel, Ulbrich, Morel & Jacob, of Bloomington (William M. Goebel, of counsel), for appellant.

Ronald C. Dozier, State's Attorney, of Bloomington (Danny J. Leifel, Assistant State's Attorney, of counsel), for appellees.

MR. JUSTICE UNDERWOOD delivered the opinion of the court:

Plaintiff, the Board of Education of Community Unit School District No. 16, embracing land in McLean, Woodford, De Witt, Logan and Tazewell counties, filed its complaint in the circuit court of McLean County seeking a declaratory judgment and injunctive relief. The county clerks and treasurers of the involved counties are defendants. In its April 21, 1977, order the trial court denied the relief sought, and we allowed plaintiff's motion for direct appeal. (58 Ill. 2d R. 302(b).) Since the issue involves 1976 taxes, payable this year, we expedited briefing, oral argument and our consideration of the case.

Plaintiff, on August 23, 1976, adopted its annual budget for the fiscal year ending June 30, 1977, and its resolution, predicated upon an estimated assessed valuation of $105,000,000, levying taxes in the maximum amount of $2,954,000, to be collected in June and September of this year. On September 16 its certificate of tax levy was filed in the offices of the five county clerks pursuant to section 17—11 of the School Code (Ill. Rev. Stat. 1975, ch. 122, par. 17—11), the first paragraph of which in relevant part provides:

> "The school board of each district shall ascertain [its financial needs] \*\*\* for the next ensuing year. Such amounts shall be certified and returned to the county clerk on or before the last Tuesday in September, annually. \*\*\*"

In October a meeting of school personnel and some assessing authorities was called by the superintendent of the educational service region. At that meeting plaintiff's superintendent and business manager first learned that the assessed value of farmland was to be increased for the current year by about 20%. Since a substantial portion of the real estate in the district is farmland, it was apparent that the assessed valuation of taxable real estate in the district would be significantly increased. After staff and board discussion of the probable amount of increase, the board, on December 20, adopted a resolution levying

additional taxes computed on an anticipated assessed valuation of $120,000,000. Maximum permissible rates applied to that valuation would produce the $3,237,000 levied at the December meeting. An amendment to the certificate of tax levy was filed in the county clerks' offices reflecting the increased levy.

Thereafter the State's Attorney of McLean County, responding to an inquiry from the county clerk, advised that official that the additional or amended levy, having been adopted subsequent to the last Tuesday in September, was of no effect and that tax rates for the district should be calculated on the basis of the September 16 levy. It was to compel use of the amended levy that this complaint was filed.

Plaintiff's witnesses testified that at the time the August levy was made the board was informed and believed the assessed valuation of the taxable property in the district would approximate $105,000,000. The board, it was stated, intended to levy the maximum amount permissible under applicable rate limitations, and its $2,954,000 levy represented that amount.

Earlier decisions of this court have rather clearly established that, with certain exceptions not applicable here, an additional levy or an amended levy, adopted subsequent to the last Tuesday in September, is of no effect unless its purpose is to correct errors in an earlier certificate which did not accurately reflect the action of the boards. *People ex rel. Joseph v. Pennsylvania R.R. Co.* (1959), 18 Ill. 2d 61, and cases there cited; *People ex rel. Williams v. Wabash R.R. Co.* (1949), 403 Ill. 53; *People ex rel. Schlaeger v. Buena Vista Building Corp.* (1947), 396 Ill. 164; *Cowgill v. Long* (1853), 15 Ill. 202.

There is no doubt here that the original certificate correctly recited the facts and amounts of the board's August levy. The board, however, stresses its responsibility under our constitution and statutes to provide the revenue necessary to operate the district, and points to the

reductions in personnel, programs and service necessary if the additional levy is not upheld. It emphasizes that its August levy was predicated upon the only assessed valuation statistics then available, and that final valuation figures were still not available at the time this case was heard in the trial court. In essence the board urges that it should not be penalized for acting in a responsible manner on the basis of the best information it could secure at the time it was required by statute to act. It urges that it needed the maximum amount of tax revenue, and that the certificate of levy did not correctly reflect that intent, because accurate assessed value information was not available. Alternatively, it suggests a fundamental unfairness inheres in requiring its adherence to deadlines when local and State assessing authorities fail to timely provide it with assessed values necessary to enable the board to act intelligently.

We are not unsympathetic to the problems facing taxing bodies as a result of the failure of State and local assessing authorities to comply with statutory mandates and time schedules. (See *Hamer v. Kirk* (1976), 65 Ill. 2d 211; *Harte v. Lehnhausen* (1975), 60 Ill. 2d 542; *Hamer v. Lehnhausen* (1975), 60 Ill. 2d 400; *Hamer v. Mahin* (1970), 47 Ill. 2d 252; *People ex rel. Hamer v. Jones* (1968), 39 Ill. 2d 360.) But we cannot agree that we would be justified in overruling soundly based decisions of long standing in order to uphold plaintiff's additional December levy. The process of assessing property for taxation and the levy and extension of taxes against that property is a complex one involving thousands of taxing bodies and the cooperation of numerous public officers. Delay at any stage of the process is likely to result in substantial added expenses in the form of extra employees or overtime pay required by county clerks and treasurers who receive late valuation statistics from assessing officials or delayed levy totals from taxing bodies; and when the distribution of taxes is untimely, taxing bodies are

burdened with the expense and interest of tax anticipation warrants essential to their continued operation. Were we somehow to sustain this tardy levy, we would simply add greater uncertainty and confusion in an already less than efficiently operating system.

The judgment of the circuit court of McLean County is accordingly affirmed.

*Judgment affirmed.*